# UNITED STATES BANKRUPTCY COURT
Southern District of Florida
www.flsb.uscourts.gov

In Re:  
**Sixty Sixty Condominium Association, Inc.**

Case Number  16-26187-RAM  
Chapter **11**

Debtor(s)    /

## CHAPTER 11 CASE MANAGEMENT SUMMARY

In compliance with Local Rule 2081-1(B), the Debtor-in-Possession, Sixty Sixty Condominium Association, Inc. (the "Debtor"), files this Chapter 11 Case Management Summary and states:

**The following data represents approximations for background information only and are the Debtor's best estimates based on the limited information available to it and its current account manager.** Certain information relevant and responsive to the below inquiries are held by former management of the Debtor and, to date, have not been turned over to the Debtor. Accordingly, the below responses are subject to revision and modification as additional information becomes available.

1. Date of Order for Relief under chapter 11 (filing date of petition if voluntary chapter 11 petition):   **December 5, 2016**

2. Names, case numbers and dates of filing of related debtors:   **None**

3. Description of debtor's business:   **Debtor is a Condominium Association**

4. Locations of debtor's operations and whether the business premises are leased or owned:

   **The Condominium is located at 6060 Indian Creek Drive, Miami Beach, FL 33140. The Debtor owns certain units located at the Condominium.**

5. Reasons for filing chapter 11:

   **The Debtor currently faces several pending and threatened lawsuits on what appear to be overlapping or duplicative claims.  The Debtor is principally funded by assessments paid by the residential unit owners (the "Unit Owners") and the hotel unit owner (the "HUO") of the Condominium. The building at the Condominium is operated and managed at the direction of the HUO.**

   **Due to, among other things, the HUO prohibiting Unit Owners and the Debtor from accessing their units and the HUO issuing unilateral special assessments against Unit Owners and the Debtor totaling millions of dollars, the Condominium is in serious need of**

reorganization.  The Unit Owners and HUO have largely failed and refused to pay the Debtor's regular and special assessments.

Recognizing that a Chapter 11 proceeding is an invitation to negotiate, the Debtor intends reorganize by, among other things:

(i) rehabilitating its Unit Owners' and HUO's ability and willingness to fund operations by amending the Debtor's charter and making the units available to their respective Unit Owners;
(ii) organizing and appropriately analyzing claims to eliminate duplicative, erroneous or unreasonable claims;
(iii) selling property free of claims and liens for the benefit of all constituencies; and
(iv) to provide a single forum for all claims held by the Debtor and all claims against the Debtor to be determined in an effort to minimize costs and maximize efficiencies.

6. List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing:

**Maria Velez, President**
**Lionel Gossa, Vice President**
**Henryk Kwiatsowski, Director**
**SE Velez-Giraldo, Secretary/Treasurer**
**None of the members of the Board of Directors receive compensation for their efforts.**

7. Debtor's fiscal or calendar year to date gross income and the debtor's gross income for the calendar or fiscal year prior to the filing of this petition:

**January 2016 - November 2016, approximately $50,866**

**January 2015 - December 2015, approximately $45,331**

8. Amounts owed to various creditors:

a. Obligations owed to priority creditors including priority tax obligations:

**It appears that certain property taxes are payable to Miami-Dade County in the total approximate amount of $23,342.97.**

b. With respect to creditors holding secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the debtor securing their claims, and

**Debtor disputes all claims that purport to be secured. In that the purportedly secured claims are subject to disputes as to, among other things, the amount of the claim, propriety of the lien, and the property purportedly subject to same, an estimated value of the collateral is not presently possible.**

Such disputed creditors claiming to have secured claims include, among others:

- APO Annuity Manager in the amount of approximately $747,500.00.

- Florida Building and Supply, Inc. in the amounts of $83,799.64 and $963,334.19.

- Shecher Group, Inc. in the amount of approximately $650,000.00.

c. Amount of unsecured claims: **All claims less the purportedly secured claims identified above are approximately $691,248.00.**

9. General description and approximate value of the debtor's assets:

**Debtor's assets include, among other things, four commercial units within the condominium building (a restaurant space and three terraces) and one residential unit (Unite 505). According to the Miami-Dade Property Appraiser, as of 2016 Debtor's real property is valued at approximately $315,820. The Debtor takes no position with respect to the validity or accuracy of the Miami-Dade Property Appraiser's estimates.**

10. List of all insurance policies, the property covered under the policy, the name of the insurer, the policy number, amount of coverage, whether the premium is current, the date the next premium is due and date the policy expires;

**Community Association Executive Advantage Policy, Liberty Insurance Underwriters, Policy #CAP013136-0413, $1,000,000 coverage, current through April 1, 2017.**

11. Number of employees and amounts of wages owed as of petition date:   **n/a**

12. Status of debtor's payroll and sales tax obligations, if applicable. This does not eliminate the obligation of chapter 11 debtors (other than individuals not engaged in business) to provide the more detailed payroll tax information required by Local Rule 2081-1(A):   **n/a**

13. Anticipated emergency relief to be requested within 14 days from the petition date:

**(a) applications for employment of general bankruptcy counsel and special condominium counsel; (b) motions for turnover of Debtor's books and records held by third parties; and (c) motions for sanctions for intentional violations of the automatic stay.**

_____
Maria Velez as President of
Sixty Sixty Condominium Association Inc.

        Messana, P.A.
*Counsel for the Association*
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, Florida 33301
Office Tel. No. 954-712-7400
Facsimile: 954-712-7401
e-mail: blieberman@messana-law.com

By: __/s/  Brett D. Lieberman_____
     Thomas M. Messana
     Florida Bar No. 991422
     Brett D. Lieberman, Esq.
     Florida Bar No. 69583