UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium            Case No. 16-26187-ram
Association, Inc.

    Debtor-in-Possession.                    Chapter 11

_____/

**APPLICATION TO EMPLOY ALESSANDRA STIVELMAN, ESQ.
AND EISINGER, BROWN, LEWIS, FRANKEL & CHAIET, P.A. AS
DEBTOR'S SPECIAL COLLECTIONS AND CONDOMINIUM COUNSEL
*NUNC PRO TUNC TO DECEMBER 9, 2016***

Sixty Sixty Condominium Association, Inc., the Chapter 11 debtor and debtor-in-possession herein (the "Debtor" or the "Association"), respectfully requests the entry of an Order authorizing the employment of Alessandra Stivelman ("Stivelman") and the law firm of Eisinger, Brown, Lewis, Frankel & Chaiet, P.A. (collectively with Stivelman, "Eisinger Law") *nunc pro tunc* to December 9, 2016 to represent the Debtor as its special collections and condominium counsel. In further support of this Application, the Debtor respectfully represents as follows:

**Jurisdiction**

1. On December 5, 2016 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(A), (M) & (O).

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Brief Background

5. The Sixty Sixty Condominium (the "Condominium") is a mixed-use hotel/residential building located at 6060 Indian Creek Drive in Miami Beach, Florida. It was created on or about April 10, 2006 by recording that certain Declaration of Sixty Sixty Condominium (the "Declaration") at Official Records Book 24411, Page 1780 of the Public Records of Miami-Dade County, Florida.

6. The Declaration created a very unusual ownership, control and management structure. It assigned operational controls ordinarily designated to a not-for-profit association of unit owners to a for-profit corporation controlled by the owner of a single "hotel" unit.

7. The Debtor is a not-for-profit corporation. It is responsible for, among other things, the management, operation, and maintenance of the Condominium's "Common Elements" (as defined in the Declaration §2.12), and other obligations imposed by state statute. Under the Declaration, the Condominium has few Common Elements.

8. To fund the Debtor's operations (the "Common Expenses", Declaration §2.13), the Declaration empowers the Debtor to assess and specially assess the RUOs, the CUO, and the HU. At present, Debtor has considerable receivables outstanding from unpaid dues and assessments (the "Receivables").

## Relief Requested

9. 11 U.S.C. § 327(a) authorizes "a trustee, with court approval, to employ one or more attorneys, accountants, appraisers, auctioneers or other professionals persons that do not

hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in a carrying out the trustee's duties."

10. The Debtor has the powers of a trustee under 11 U.S.C. § 1107.

11. The Debtor desires to employ Eisinger Law as special counsel for the purpose of handling the collection of delinquent accounts, including the Receivables, and counsel regarding condominium matters. Under the terms of the proposed retention, Eisinger Law would be responsible for, among other related tasks, issuing demand letters, filing claims of lien, negotiating settlements and initiating or answering foreclosure lawsuits.

12. Such employment will not be duplicative in any way of the services provided by the Debtor's bankruptcy counsel, Brett D. Lieberman. All of the Debtor's attorneys will work closely together to ensure that the needed legal services are performed as efficiently as possible.

13. When the need for collections litigation arises, Eisinger Law will proceed in state court in the ordinary course. If counterclaims are filed against the Debtor in any of these proceedings, such claims will be brought before this Court.

14. Eisinger Law is not seeking a retainer at this time.

15. The Debtor will be billed for services performed, and costs outlaid, approximately every one hundred and twenty (120) days. Thereafter, Eisinger Law will file fee applications with the Court as in the case of any other Section 327 professional.

16. The Debtor believes that Eisinger Law is qualified to advise the Debtor as set forth above and that Eisinger Law's retention is in the best interest of the estate.

17. To the best of the Debtor's knowledge, Eisinger Law does not have any connection with the Debtor's creditors or other parties in interest or their respective counsel. Eisinger Law does not represent any interest adverse to the Debtor.

18. Attached to this Application as Exhibit "A" is the Declaration of Alessandra Stivelman, Esq. demonstrating that Eisinger Law is disinterested as required by 11 U.S.C. §§ 327(a) and 327(e) and a verified statement as required by Bankruptcy Rule 2014.

Wherefore, the Debtor respectfully requests an order authorizing the retention of Eisinger Law as special collections and condominium counsel and for such other relief as the Court deems just and proper.

Respectfully submitted December 12, 2016.

        MESSANA, PA
        *Counsel for the Debtor*
        401 East Las Olas Boulevard, Suite 1400
        Fort Lauderdale, FL 33301
        Telephone: (954) 712-7400
        Facsimile: (954) 712-7401
        Email: blieberman@messana-law.com

        /s/ Brett D. Lieberman
        Thomas M. Messana
        Florida Bar No. 991422
        Brett D. Lieberman
        Florida Bar No. 69583

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium
Association, Inc.

Case No. 16-26187-ram

Debtor-in-Possession.

Chapter 11

_____/

### DECLARATION OF ALESSANDRA STIVELMAN, ESQ. PROPOSED SPECIAL COLLECTIONS AND CONDOMINIUM COUNSEL FOR THE DEBTOR-ON-POSSESSION

I, Alessandra Stivelman, Esq., declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner in Eisinger, Brown, Lewis, Frankel & Chaiet, P.A. (the "Firm"), with offices located at 4000 Hollywood Blvd, Suite 265 South, Hollywood, FL 33021.

2. I am familiar with the matters set forth herein and make this Declaration in support of the Application to Employ Alessandra Stivelman, Esq. and Eisinger, Brown, Lewis, Frankel & Chaiet, P.A. as Special Collections and Condominium Counsel *nunc pro tunc* to December 9, 2016 (the "Application") filed by Sixty Sixty Condominium Association, Inc (the "Debtor").

3. Neither I nor the Firm hold or represent any interest adverse to the Debtor's estate, and we are disinterested within the meaning of 11 U.S.C. § 327(a). We have not represented any of the Debtor's creditors in any related or unrelated matters.

4. I have not requested a retainer.

5. The Debtor will be billed for services performed, and costs outlaid, approximately every one hundred and twenty (120) days. Thereafter, Eisinger will file fee applications with the Court as in the case of any other Section 327 professional.

6. As required by Rule 2014 of the Federal Rules of Bankruptcy Procedure, neither I nor the Firm have any connection with the Debtor, creditors, or any person employed in the Office of the U.S. Trustee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2016.

_____
Alessandra Stivelman, Esq.