## RETURN OF SERVICE

### UNITED STATES BANKRUPTCY COURT
### Southern District of Florida

Case Number: 16-26187 RAM 11

IN RE:
**SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC., Debtor,**

For:
Brett D. Lieberman, Esq.
MESSANA, P.A.
401 E. LAS OLAS BLVD.
SUITE 1400
FT. LAUDERDALE, FL 33301

Received by Professional Process Servers on the 16th day of December, 2016 at 9:00 am to be served on **SCHECHER GROUP, INC., C/O GREGORY R. ELDER, REGISTERED AGENT, 901 SOUTHWEST 9TH TERRACE, FORT LAUDERDALE, FL 33315**.

I, Katherine Font, do hereby affirm that on the **21st day of December, 2016** at **6:22 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE and SCHEDULE "A"** with the date and hour of service endorsed thereon by me, to: **GREGORY R. ELDER** as **Registered Agent** at the address of: **901 SOUTHWEST 9TH TERRACE, FORT LAUDERDALE, FL 33315** on behalf of **SCHECHER GROUP, INC.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60s, Sex: M, Race/Skin Color: WHITE, Height: 5'11, Weight: 180, Hair: GREY, Glasses: Y

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff Appointed Process Server in the county in which this defendant/witness was served and have no interest in the above action. Pursuant to FS 92.525(2), no notary is required.

Katherine Font
SPS#920

**Professional Process Servers
& Investigators, Inc.
1749 N.E. 26th Street, Suite A
Wilton Manors, FL 33305
(954) 566-2523**

Our Job Serial Number: FIS-2016017154

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1i

OBTAIN DESCRIPTION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Served: 60s, M, W, 5'11,
Plf 180, grey, glasses
Date: 10/21/16  Time: 6:22 pm
By: KP #920

In re:
Sixty Sixty Condominium Association, Inc.
   Debtor.
_____/

Case No. 16-26187-RAM
Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

To:   Schecher Group, Inc., c/o Gregory R. Elder, Registered Agent, 901 Southwest 9th Terrace, Fort Lauderdale, FL  33315

| [XX]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A attached hereto. ||
|---|---|
| PLACE: By Mail Delivery to<br>**Brett D. Lieberman, Esq., Messana, P.A.**<br>**401 East Las Olas Boulevard, Suite 1400**<br>**Fort Lauderdale, Florida 33301** | DATE AND TIME<br>**On or Before**<br>**January 5, 2017**<br>**5:00 p.m.** |
| [  ]  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requested party may inspect, measure, survey, photograph, test, or sample the property or any designated objection or operation on it. ||
| PREMISES | DATE AND TIME |
| The following provisions of Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. ||
| Date: October 16, 2014<br>CLERK OF COURT<br>OR<br>_____<br>*Signature of Clerk or Deputy Clerk* | /s/ Brett D. Lieberman<br>Attorney's Signature |

The name, address, email address, and telephone number of the attorney representing **Sixty Sixty Condominium Association, Inc.,** who issues or requests this subpoena, are: **Brett D. Lieberman, Esq., Messana, P.A.,** 401 East Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida, Telephone:  954-712-7400, E-mail:  blieberman@messana-law.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R.Civ. P. 45(a)(4).

K

17154

B257 (Form 257– Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): **SCHECHER GROUP c/o GREGORY R. ELDEN**
on (date) _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: **GREGORY R. ELDEN – R.A.**
on (date) **12/21/16** ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

**KATHERINE FONT – SPS #920**
_____
Printed name and title

Professional Process Servers
1749 NE 26 Street, Suite A
Wilton Manors, FL 33305
_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
 …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Schedule "A"

## DOCUMENT REQUESTS

1. All documents in your possession related to the Debtor from January 2013 to the present date.

2. All documents in your possession related to the Debtor from January 2013 to the present date including, but not limited to all invoices for costs for building repairs, all bank records, etc.

3. All communications in your possession with Condominium Hotel Management Corporation, Inc. related to the Debtor from January 2013 to the present date.

4. All communications in your possession with the Debtor from January 2013 to the present date.

5. All communications in your possession with Bridgeport Capital Services, Inc. related to the Debtor from January 2013 to the present date.

6. All communications in your possession with any proposed buyers of the Debtor, the Condominium, or Units, including any proposed "Bulk Buyer" referenced in your November 20, 2016 at 6:12:44 AM email to rj@schechergroup.com and "Aida Vazquez" <casablancaowners@atlanticbb.net>, from January 2013 to the present date.

7. All communications in your possession with any and all Unit Owners of the Debtor from January 2013 to the present date.

## DEFINITIONS AND INSTRUCTIONS

1. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

2. "You" or "Your" refers to the Person to whom this request is addressed including any and all agents, employees, servants, officers, directors, accountants, and attorneys.

3. "Materials" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

4. "Document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries,

chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5. "Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

6. "Representative" means any and all agents, employees, servants, officers, directors, accountants, attorneys, or other persons acting or purporting to act on behalf of the person in question.

7. "Evidencing" means having a tendency to show, prove or disprove.

8. "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

9. The term "related to", "relate to", or "relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

10. "Including" shall mean including but not limited to.

11. "Debtor" means Sixty Sixty Condominium Association, Inc., including its agents, employees, directors, officers, accountants, attorneys, and affiliates.

12. "Schecher Group, Inc." a Florida corporation with a principal address in Port Orange, Florida including any and all agents, employees, servants, officers, directors, accountants, and attorneys.

13. "Condominium Hotel Management Corporation, Inc." a Florida corporation with a principal address in Hollywood Beach, Florida including any and all agents, employees, servants, officers, directors, accountants, and attorneys.

14. "Bridgeport Capital Services, Inc." a Florida corporation with a principal address in Coral Springs, Florida including any and all agents, employees, servants, officers, directors, accountants, and attorneys.

15. "Condominium" refers to the real property including all structures thereon located at 6060 Indian Creek Dr, Miami Beach, FL 33140.

2

16.  "Unit" refers to a piece of property located at 6060 Indian Creek Dr, Miami Beach, FL 33140 with a unique folio number ascribed to it by the Miami-Dade Property Appraiser.

17.  "Unit Owner" refers to an individual or entity which appears as the record holder for a Unit in the records of the Miami-Dade Property Appraiser.

18.  When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

19.  When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

20.  In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

21.  If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

22.  Unless otherwise specified, the timeframe for this document request is four years prior to the Petition Date.

RECEIVED DEC 16 2016 By_____

copy charge $1.20 (pstg.)