UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium                    Case No. 16-26187-RAM
Association, Inc.

   Debtor-in-Possession.                          Chapter 11

_____/

**SUPPLEMENT TO:**

*APPLICATION TO EMPLOY ALESSANDRA STIVELMAN, ESQ.
AND EISINGER, BROWN, LEWIS, FRANKEL & CHAIET, P.A. AS
DEBTOR'S SPECIAL COLLECTIONS AND CONDOMINIUM COUNSEL
NUNC PRO TUNC TO DECEMBER 9, 2016* (ECF NO. 10)

      Sixty Sixty Condominium Association, Inc., the Chapter 11 debtor and debtor-in-possession herein (the "Debtor" or the "Association"), respectfully files this supplement (the "Supplement") to the *Application to Employ Alessandra Stivelman, Esq.* ("Stivelman") *and Eisinger, Brown, Lewis, Frankel & Chaiet, P.A.* (collectively with Stivelman, "Eisinger Law")[1] *as Debtor's Special Collections Counsel and Condo Counsel nunc pro tunc to December 9, 2016* (ECF No. 10) (the "Eisinger Application"). In support and in supplement to the Eisinger Application, the Debtor respectfully represents as follows:

**Brief Background**

1.     On December 10, 2016, the Debtor filed the Eisinger Application.

2.     The Eisinger Application was filed because the Debtor requires special counsel for the purpose of handling, among other things: (i) the collection of delinquent accounts, including the Receivables ("Collections"); and (ii) condominium operational and legal matters ("Special Counsel" and together with Collections, the "Scope of Engagement").

3.     The evening prior to the hearing on the Eisinger Application, the Schecher Group, Inc. ("Schecher") filed an objection to same (ECF No. 30) (the "Schecher Objection").

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Eisinger Application.

4.      On December 21, 2016, the Court conducted a preliminary hearing on the Eisinger Application (ECF No. 15) (the "Application Hearing"). At the Application Hearing, the Court continued the Application Hearing to January 12, 2017 and requested that the Debtor file a supplement of the Eisinger Application with additional information related to the proposed engagement.

### Additional Disclosures

5.      Debtor seeks to engage Eisinger Law to perform services within the Scope of Engagement.

6.      Eisinger Law is not seeking a retainer at this time. Consistent with 11 U.S.C. § 327, Eisinger will submit applications for fees and costs for services performed, and costs outlaid.

7.      With respect to the Collections efforts, Eisinger respectfully requests permission to bill the Debtor approximately every one hundred and twenty (120) days and to accept payment thereof pursuant to a fee schedule as an ordinary course professional and without seeking approval of fees for Collections. For certain Collections activities, Eisinger Law will charge fixed fees pursuant to fee schedule (the "Fee Schedule").[2] Further, pursuant to the Fee Schedule, certain of the fees incurred by Eisinger Law will become the obligation of the delinquent unit owner, not the Debtor. Such an arrangement reduces the administrative burden on the Debtor; while allowing it to maximize the Receivables. The Debtor anticipates that the Collection services provided by Eisinger Law will maximize the value of the Receivables and recover amounts in excess of the collection fees and costs incurred.

8.      With respect to Special Counsel efforts, Eisinger Law will file fee applications with the Court as in the case of any other Section 327 professional. With respect to Special Counsel services, the Eisinger Law Firm has agreed to provide such services at reduced hourly rates ranging from $255.00 to $325.00. Such rates are lower than what Eisinger Law generally charges on an hourly basis.

---

[2] Attached hereto as **Exhibit "A"** is a copy of Eisinger Law's Fee Schedule.

Further, Special Counsel is necessary to navigate and advise the Debtor on complex condominium issues which will likely arise in this bankruptcy case.

9. Eisinger Law's employment will not be duplicative in any way of the services provided by the Debtor's bankruptcy counsel, Brett D. Lieberman of Messana, P.A. All of the Debtor's attorneys will work closely together to ensure that the needed legal services are performed as efficiently as possible.

10. When the need for collections litigation arises, Eisinger Law will proceed in state court in the ordinary course.

11. The Debtor believes that Eisinger Law is qualified to advise the Debtor as set forth above and that Eisinger Law's retention is in the best interest of the estate.

Wherefore, the Debtor respectfully requests an order authorizing the retention of Eisinger Law as special collections and condominium counsel and for such other relief as the Court deems just and proper.

Respectfully submitted January 6, 2017.

>MESSANA, PA
>*Counsel for the Debtor*
>401 East Las Olas Boulevard, Suite 1400
>Fort Lauderdale, FL 33301
>Telephone: (954) 712-7400
>Facsimile: (954) 712-7401
>Email: blieberman@messana-law.com
>
>/s/ Brett D. Lieberman
>Thomas M. Messana
>Florida Bar No. 991422
>Brett D. Lieberman
>Florida Bar No. 69583

# Exhibit "A"

ASSESSMENT COLLECTION ATTACHMENT

| SERVICE PROVIDED | CURRENT COST (2016) | RESPONSIBLE PARTY |
|---|---|---|
| Preparation/Mailing of Demand Letter | $225.00 | Delinquent Owner |
| Preparation/Recording of Claim of Lien & Notice of Intent to Foreclose (and Lien Satisfaction) | $495.00 (plus costs) | Delinquent Owner |
| Filing and Handling of Lien Foreclosure Lawsuit | Hourly, at then applicable paralegal and attorney rates | Association (but only to the extent not collected directly from the Delinquent Owner) |
| Estoppel/Payoff Letters | Varies | Delinquent Owner/Association |
| Preparation of Responsive Pleading to Mortgage Foreclosure Lawsuit served upon the Association, including continued monitoring of foreclosure action | $235.00 | Association |
| Preparation/mailing of Rent Demand Letter | $140.00 | Owner/Tenant/Association |

**Note**: Notwithstanding the above, in the event the Firm has not recouped its fees/costs from the Owner for a Demand Letter or Claim of Lien in any particular case but the Association (or the Firm, on behalf of the Association) has received monies relative to that property from sources such as "safe harbor" proceeds, judicial sale proceeds, rental income, etc., the Association shall reimburse the Firm from those proceeds to the extent of the Demand Letter or Claim of Lien fees/costs incurred. Also, all fees/costs incurred by the Firm are always the responsibility of the Association to the extent its Retention Agreement is terminated by the Association prior to the time that the Firm has been afforded full opportunity to collect the delinquent assessments, or in the event the Lien Foreclosure Lawsuit results in issuance of a Certificate of Title in favor of the Association.