UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium             Case No. 16-26187-RAM
Association, Inc.

    Debtor-in-Possession.                    Chapter 11

_____/

### DEBTOR'S APPLICATION TO EMPLOY ACCOUNTANT MICHAEL MARCUSKY AND JUDA ESKEW & ASSOCIATES, PA

Sixty Sixty Condominium Association, Inc., the Chapter 11 debtor and debtor-in-possession herein (the "Debtor" or the "Association"), respectfully requests the entry of an Order authorizing the employment of Michael Marcusky and the accounting firm of Juda Eskew & Associates, PA (together, the "Accountant") to act as its accountant and to prepare prior years' and going forward tax returns, as necessary (the "Application"). In further support of this Application, the Debtor respectfully represents as follows:

### Jurisdiction

1. On December 5, 2016 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (M) & (O).

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Brief Background

5. The Sixty Sixty Condominium (the "Condominium") is a mixed-use hotel/residential building located at 6060 Indian Creek Drive in Miami Beach, Florida. It was created on or about April 10, 2006 by recording that certain Declaration of Sixty Sixty Condominium at Official Records Book 24411, Page 1780 of the Public Records of Miami-Dade County, Florida.

6. The Debtor is a not-for-profit corporation. It is responsible for, among other things, the management, operation, and maintenance of the Condominium's "Common Elements" (as defined in its declaration §2.12), and other obligations imposed by state and federal law, including the filing of state and federal tax returns, as applicable.

7. Nevertheless, prior to the Petition Date, prior management[1] of the Debtor failed to file both state and federal tax returns for at least the years 2014 and 2015.

## Relief Requested

8. 11 U.S.C. § 327(a) authorizes "a trustee, with court approval, to employ one or more attorneys, accountants, appraisers, auctioneers or other professionals persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in a carrying out the trustee's duties."

9. The Debtor has the powers of a trustee under 11 U.S.C. § 1107.

10. The Debtor desires to employ the Accountant to (i) advise the Debtor in connection with the requirements of filing prior years' federal and state tax returns and to

---

[1] Including, among others, Condominium Hotel Management Corporation, Inc.

2

prepare and file tax returns for 2014, 2015 and 2016, as applicable; and (ii) going forward accounting services.

11. The Accountant estimates that the costs of preparing tax returns will be approximately $650 for each return. Debtor anticipates requesting Accountant to prepare, at a minimum, tax returns for 2014, 2015 and 2016.

12. Attached to this Application as Exhibit "A" is the *Declaration of Michael Marcusky Proposed Accountant for the Debtor-in-Possession* (the "Declaration"), demonstrating that the Accountant and its agents and employees are disinterested as required by 11 U.S.C. §327(a) and a verified statement required under Bankruptcy Rule 2014.

13. The proposed scope of the monthly services provided by the Accountant and the proposed fees for same shall be charged pursuant to a schedule attached to the Declaration as Attachment "1".

14. Except as identified in the Declaration, to the best of the Debtor's knowledge the Accountant and its employees and agents do not hold or represent any interest adverse to the estate and the Debtor believes that employment would be in the best interest of its estate.

15. The Debtor believes that the Accountant is qualified to practice in this state and is qualified to advise the Debtor as to his responsibilities with respect to accounting issues and tax obligations.

16. With respect to the costs of tax return preparation, at the cost of approximately $650 per return ($1,950 for the 2014, 2015 and 2016 returns), the Debtor requests authority to pay such fees and costs as they come due without further order of the Court. With respect to the going forward accounting services, the Accountant has agreed to be compensated pursuant to 11 U.S.C. §330.

Wherefore, the Debtor respectfully requests an order authorizing the retention of the Accountant as its accountant and to prepare prior years' and going forward tax returns consistent with the request herein and as in Attachment "1" to the Declaration and for any further and additional relief as this court deems necessary or appropriate.

Respectfully submitted January 9, 2017.

> MESSANA, PA
> *Counsel for the Debtor*
> 401 East Las Olas Boulevard, Suite 1400
> Fort Lauderdale, FL 33301
> Telephone: (954) 712-7400
> Facsimile: (954) 712-7401
> Email: blieberman@messana-law.com
>
> /s/ Brett D. Lieberman
> Thomas M. Messana
> Florida Bar No. 991422
> Brett D. Lieberman
> Florida Bar No. 69583

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium Association, Inc.

Case No. 16-26187-ram

Debtor-in-Possession.

Chapter 11

_____/

## DECLARATION OF MICHAEL MARCUSKY
## PROPOSED ACCOUNTANT FOR THE DEBTOR-ON-POSSESSION

I, Michael Marcusky, declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am Juda Eskew & Associates, P.A.'s (the "Firm") audit and tax partner. Our offices are located at 8211 West Broward Blvd., Suite # PH-1 – Fifth Floor, Plantation, FL 33324.

2. I am familiar with the matters set forth herein and make this Declaration in support of the *Debtor's Application to Employ Accountant Michael Marcusky and Juda Eskew & Associates, PA* (the "Application") as accountants to the Sixty Sixty Condominium Association, Inc. (the "Debtor").

3. Neither I nor the Firm hold or represent any interest adverse to the Debtor's estate, and we are disinterested within the meaning of 11 U.S.C. § 327(a). We have not represented any of the Debtor's creditors in any related or unrelated matters.

4. I have not requested a retainer.

5. The Debtor will be billed for the preparation of tax returns for the years 2014, 2015 and 2016 at approximately $650 per return. General monthly accounting services provided to the Debtor will be billed every approximately one hundred and twenty (120) days.[1] For the

---

[1] The proposed general monthly accounting services (and the schedule of costs of same) include those services detailed in the engagement letter attached hereto as Attachment "1".

2

monthly accounting services, the Firm will bill at its ordinary scheduled rates (as attached to the Application) and will file fee applications with the Court as in the case of any other Section 327 professional.

6. As required by Rule 2014 of the Federal Rules of Bankruptcy Procedure, neither I nor the Firm have any connection with the Debtor, creditors, or any person employed in the Office of the U.S. Trustee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2017.

_____ V.P. JEA CPA
Michael Marcusky

Nancy Ramos  01/06/17
Nancy Ramos

NANCY RAMOS
MY COMMISSION # FF 243744
EXPIRES: June 23, 2019
Bonded Thru Budget Notary Services

2

Attachment "1"




January 9, 2017

Sixty Sixty Condominium Association, Inc.
6060 Indian Creek Dr.
Miami Beach, FL 33140


Dear Association:

We would like to thank you for this engagement of our firm as the accountants for *Sixty Sixty Condominium Association, Inc.*  (the "Association"). The following are the services we will render based upon the specifications presented to us:

1 -    Maintenance payment coupons and envelopes provided by management to each owner for them to mail them to the banks' lockbox for deposit. The lockbox processed through the associations' bank will be entered daily. Deposits that are not processed through the lockbox will deposited manually. Electronic funds transfer (ACH) for those owners desiring that type of payment will process through the associations' bank.

2 -    On a twice-monthly basis, after the fifteen and last day of the month cutoffs, we will mail first request delinquency letters and follow-up with second request letters at the end of the month. We will turn the account over to the Association's attorney, based on the timing policy set by the Board of Directors. The Association's attorney will have direct internet access to the unit owner's accounts through our web site. If different cutoff dates for delinquency letters are required, we will change the dates in accordance with the Board's directives.

3 -    Upon receipt of Association's invoices in our office, which have been approved by the Board of Directors or the manager, as your policy so dictates, we will prepare all checks to vendors or electronic payments. We will deliver the checks and invoices to be signed by the Board with stamped mailing envelopes along with the electronic payment receipts. The invoices and checks will be delivered by our in-house courier at no additional charge.

*Sixty Sixty Condominium Association, Inc.*
January 9, 2017
Page 2

4 - Monthly, we will prepare a budget to actual compiled financial statement (for internal management purposes only) for the Association. These statements will be prepared on an accrual basis. In addition, we will provide a detailed general ledger and general journal which includes cash receipts and disbursement journals, as well as check registers. These financial statements are custom designed, on a line-by-line basis, to coincide with the categories of your budget. If more detail is required, it can be customized to your needs. We will reconcile all bank statements, on a monthly basis.

5 -  The Association will have the ability to view all owners' accounts on our system, as well as the ability to print reports. This access will be done directly through the Internet, password coded for your Association only.

6 - The Association will also have the ability to view their financial records over the Internet, password coded for your Association only. This includes financials statements, ledgers, paid invoices, bank statements, budgets and other schedules.

7 - The owners will have the ability to view their accounts on-line. In addition, they will be able to pay on-line by credit card or e-check. A convenience fee will apply and will be paid directly by the owner.

8 -  We will consult, with the Board of Directors and/or the Property Manager, and assist in the preparation of the Association's annual operating budget. This will include worksheets detailing the actual expenses and projection of expenses through the end of each year as related to the budgeted figures.

9 -  We will attend the annual budget meeting and any meeting where a special assessment will be voted upon at no additional cost.

10 - We will retain an electronic copy of the records of the Association in our office which will be available via the internet, e-mailed or copied to a disc.

Our office and staff will make no management decisions. All such decisions will be made by the Association's Board of Directors and/or the property manager. In addition, we accept no responsibility for delinquent owner balances, which were incurred, **prior to our being engaged.** The board, by signing this engagement letter hereby indemnifies our firm for any claims including legal costs related to such **prior** delinquencies.

*Sixty Sixty Condominium Association, Inc.*
January 9, 2017
Page 3

The fees for the services outlined above would be calculated as follows:

```
Monthly services  ........................................................... $450 / month
Copies (if requested)..................................................... $  .20/copy
Mass mailouts ............................................................... send to printer
Postage......................................................................... $ cost
Payment Coupons & electronic transfers...................... $4.00/unit/year
…………………………………………………………………10% Overage
**Special Assessments ............................................... $1.50/unit/month collected
Late letters……………………………………………….. $ 5.00 /per letter
Send account to collections……………………………….$25.00/per unit
Annual Meetings / Special Assessment…………………..No Additional Cost
```

 **While in Bankruptcy, we will only charge the monthly collection fee of $1.50/unit/month for 1(one) of the current special assessments. Any new Assessments thereafter will resume the same fee of $1.50/unit/month.*

Should any of the Association records for periods prior to commencement of this engagement need to be reconstructed, a separate fee will be agreed to by both parties under a separate engagement letter. We will integrate prior ledger history into our system which we anticipate about 5-8 hours of work billed at $150/hour.

In addition, we will complete all estoppel and HUD forms for the buyers and seller of the units within the Association. There will be no charge to the Association. All costs will be passed through to the Title Company or attorney making the request at a charge of $325. (Amount subject to change)

All fees for our services are payable within 120 days in which they are invoiced.
Service fees will be electronically transferred from the Association to our account.

Additional services, beyond those described above will require a separate fee which will be agreed to by both parties under a separate engagement letter.

Our offices are available to all homeowners between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday, for calls regarding maintenance balances.

This agreement is cancelable, by either party, for no cause, upon delivering thirty days notice, in writing, by certified mail, after the first 120 days of the agreement period.

We would again like to thank you for engaging our firm and we would like to assure you that we will continue to render the type of service that has justified the high level of confidence placed in us by our other Association clients.

If you are in agreement with the terms detailed above, please sign below and return the original to us.

*Sixty Sixty Condominium Association, Inc.*
January 9, 2017
Page 4




Sincerely,

*Carol Eskew*

Carol Eskew, C.P.A.
For the firm




Acknowledged by: *Sixty Sixty Condominium Association, Inc.*


_____          _____
Print Name                                                                                         Title

_____          _____
Signature                                                                                            Date