

**ORDERED in the Southern District of Florida on January 13, 2017.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM | |
| CONDOMINIUM ASSOCIATION, INC., | |
| | |
| Debtor. | |

**ORDER GRANTING EXTENSION**
**OF TIME AND SETTING PRODUCTION DEADLINES**

The Court conducted a hearing on January 12, 2017, on the Schecher Group, Inc.'s Motion for Extension of Time (the "Motion for Extension") [DE# 52]. As announced on the record, it is –

**ORDERED** as follows:

1.   The Motion for Extension is granted in part.

2.   By <u>January 18, 2017</u>, the Schecher Group, Inc. ("Schecher") shall provide the following to the Debtor:

   A.   The name and address of the accountant referred to at the hearing who was, and presumably still is, responsible for determining the expenses incurred by Schecher that are passed on to the Debtor (the "Passed-On Expenses") and for determining how much each unit owner is assessed for shared costs;

   B.   The report described by Schecher's counsel at the hearing that will provide a vendor-specific list of the Passed-On Expenses (the "Expense Report").

   C.   A report that contains the calculations used to determine the amount of shared costs assessed against each unit owner.   If no report can be readily produced, Schecher shall explain, in writing, by <u>January 18, 2017</u>, how these amounts were calculated and by whom.

   D.   A copy of the requested insurance policies.

3.   Pending a review of the Expense Report described in paragraph 2.B. above, Schecher is excused from producing the underlying vendor invoices.   However, after review of the Expense Report, the Debtor may re-new its request for production of some

2

or all of the underlying invoices (the "Supplemental Invoice Request").

4.    By <u>February 2, 2017</u>, Schecher shall file a response to the document requests in the subpoenas and shall produce all responsive documents not subject of an objection.  If the Debtor has served a Supplemental Invoice Request, the invoices shall also be produced by <u>February 2, 2017</u>, if possible, in conjunction with production of all other responsive documents not subject of an objection.

5.    If any of the responsive documents, including all vendor invoices requested in a Supplemental Invoice Request, cannot be produced by February 2, 2017, Schecher shall, by <u>February 2, 2017</u>, file a second motion for extension describing the additional documents that will be produced and the date by which production will be made.  Schecher and the Debtor are encouraged to negotiate an agreed order on a second motion for extension, if one is filed.

6.    The Court reserves ruling on copying costs.  If there are a substantial number of documents produced for inspection, the Court encourages the Debtor to review the documents and send the documents it needs to a copying service for copying at the Debtor's expense.

                              ###

                               3

COPIES TO:

Brett D. Lieberman, Esq. (Counsel for Debtor)
Lisa M. Castellano, Esq. (Counsel for Schecher Group)
Barry S. Mittelberg, Esq. (Counsel for Schoentag and Robinson)
AUST