UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Sixty Sixty Condominium Association, Inc.                    Case No. 16-26187-RAM

      Debtor-in-Possession.                    Chapter 11

_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS
## FROM CONDOMINIUM HOTEL MANAGEMENT CORPORATION, INC.  RESPONSIVE
## TO SUBPOENA AND FOR SANCTIONS

Sixty Sixty Condominium Association, Inc., the debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 37 and 45, §105 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2004 and 7037, and Local Rule 7026-1(E), by and through undersigned counsel, moves for entry of an order compelling Condominium Hotel Management Corporation, Inc. ("CHMC"), to produce all documents which are responsive to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* (ECF No. 23) (the "Subpoena") and for sanctions (the "Motion"), and in support thereof states as follows:

### SUMMARY

The Debtor is a condominium association for unit owners of a condominium located at 6060 Indian Creek Drive in Miami Beach, Florida (the "Condominium").

CHMC managed the affairs of the Debtor and maintained its books and records from March of 2013 through at least December of 2016.  From May 2013 through December 2016, it appears that CHMC accrued approximately $890,510 in charges that have been assessed against unit owners, including the Debtor.

Debtor requested information relative to, among other things, these charges on December 16, 2016 by filing the Subpoena and serving same on December 19, 2017 (ECF #49). CHMC's deadline to deliver documents was January 10, 2017.  To date, CHMC has failed and refused to deliver responsive documents.

Instead, CHMC asserted a blanket objection and denial.

This Court ought to require CHMC to deliver documents responsive to the Subpoena in a timely manner and impose the costs of advancing this Motion as sanctions against CHMC for its objectionable litigation tactics.

## BACKGROUND AND ARGUMENT

1.    On December 5, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (ECF No. 1).

2.    On December 16, 2016, the Debtor filed a copy of the Subpoena to be served on CHMC. (ECF No. 23 at p. 3-8).

3.    The Subpoena was served on December 19, 2016. (ECF #49).

4.    The deadline for CHMC to produce documents responsive to the Subpoena was January 10, 2017 (the "Subpoena Deadline").

5.    The Subpoena sought, among other things, documents and correspondence related to the Debtor's financial affairs and potential claims against the Debtor.  As the Debtor's former manager, and a current active participant in the Condominium, CHMC is expected to be in possession of such documents.

6.    CHMC[1] did not produce any documents in response to the Subpoena before the Subpoena Deadline.  CHMC did not seek a protective order or to quash the Subpoena.

7.    Instead, on January 3, 2017 CHMC's counsel wrote a letter (the "CHMC Letter")[2] which stated that because CHMC was no longer managing the Debtor, the new manager should have all the documents; "CHMC has not retained Debtor records and has no other documents to

---

[1] CHMC is affiliated with Schecher Group, Inc. ("Schecher").  On January 16, 2017, this court set a disclosure schedule for Schecher to produce documents and provide documents to the Debtor. (ECF No. 72). In that CHMC and Schecher are related and represented by the same lawyer, the Debtor expected discovery issues to be resolved simultaneously. However, it appears that CHMC is taking the position that its obligations to produce documents is separate and distinct from those of Schecher.

[2] A copy of the CHMC Letter is attached hereto as **Exhibit "A"**.

produce…"; and "CHMC will not be producing any documents or communications in response to the Subpoena."

8.      CHMC's blanket objection is inappropriate and misleading.

9.      The Subpoena requests CHMC's documents and communications related to the Debtor; not the Debtor's own documents that were in the possession and control of CHMC.[3] CHMC's response that it delivered all of Debtor's documents to Debtor misses the mark.

10.     Further, the Subpoena requests documents and correspondence related to the Debtor which would not be in the possession of the new accountant because, among other reasons, such documents came into existence after CHMC's termination as manager.  Moreover, the Subpoena requests correspondence between CHMC and third parties which are not in the possession of the Debtor.

11.     This Court has the discretion to, and should, compel CHMC to respond to the Subpoena. *In re Rosebar*, 505 B.R. 82, 87 (Bankr. D.D.C. 2014) ("Pursuant to § 105(a) and the court's inherent powers, the court is empowered to impose sanctions to assure compliance with subpoenas or orders for Rule 2004 examinations.")

12.     As such, the Debtor submits that the Court ought to grant this Motion and order CHMC to respond fully to the Subpoena and to produce all responsive documents on or before February 2, 2017 (the deadline for Schecher to deliver responsive documents pursuant to this Court's *Order Granting Extension of Time and Setting Production Deadlines* ECF No. 72).

13.     The Debtor reserves its right to request, pursuant to Bankruptcy Code §105 and the Court's inherent authority for an award of his reasonable attorneys' fees and expenses incurred in bringing this Motion.[4]

---

[3] The Debtor denies that CHMC delivered all of Debtor's own documents.  But, that issue is not relevant to CHMC's failure to respond to the Subpoena.

[4] While applicable in adversary proceedings, Federal Rule of Civil Procedure 37(a)(5) is instructive and provides that, if the motion to compel is granted, "the court must, after affording an opportunity to be heard, require the party. . . whose

14.     The Debtor's attorney has conferred with the attorney for CHMC in a good faith effort to resolve by agreement the issues raised herein, but regrettably, and the attorneys have been unable to do so.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (i) granting the Motion; (ii) compelling CHMC to produce all responsive documents to the Subpoena on or before February 2, 2017; (iii) issuing sanctions in amount of the attorney's fees incurred for bringing this Motion; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this January 19, 2017.

> MESSANA, PA
> *Counsel for the Debtor*
> 401 East Las Olas Boulevard, Suite 1400
> Fort Lauderdale, FL 33301
> Telephone: (954) 712-7400
> Facsimile: (954) 712-7401
> Email: blieberman@messana-law.com
> /s/ Brett D. Lieberman
> Thomas M. Messana
> Florida Bar No. 991422
> Brett D. Lieberman
> Florida Bar No. 69583

---

conduct necessitated the motion. . . pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees" if the opposing parties' responses or objections are not substantially justified.

# Exhibit "A"



**Steven M. Davis, Esq.**
**Shareholder**
**sdavis@bplegal.com**

**121 Alhambra Plaza, 10th Floor**
**Coral Gables, Florida  33134**

January 3, 2017

Via email only: blieberman@messana-law.com

Brett D. Lieberman
Messana, P.A.
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301

Re:     *In Re: Sixty Sixty Condominium Association, Inc., United States Bankruptcy Court, Southern District of Florida, CaseNo.: 16-26187-RAM*

Dear Mr. Lieberman:

This firm is counsel to Condominium Hotel Management Corporation, Inc. ("CHMC") and is in receipt of a Rule 45 subpoena (the "Subpoena") served upon it on December 21, 2016 in the above captioned case.  I am authorized by CHMC to respond on its behalf.

As previously advised, CHMC managed the Debtor from March 20, 2013 through the end of 2015. CHMC has turned over all of its records to the Debtor's new management company Oxygen Association Services/Summit Association Services long before the subject reorganization petition was filed. In fact, the new management company began collecting Debtor monthly dues from owners in February 2016. CHMC has not retained Debtor records and has no other documents to produce. Old records and any records generated since February 2016 should be in the possession of Oxygen Association Services/Summit Association Services.

Accordingly, CHMC will not be producing any documents or communications in response to the Subpoena. Please contact the undersigned should you have any further questions.

Very truly yours,

**STEVEN M. DAVIS**
For the Firm

cc:  Condominium Hotel Management Corporation, Inc.
ACTIVE: 9274562_1