

**ORDERED in the Southern District of Florida on February 23, 2017.**

                                                          **Robert A. Mark, Judge**
                                                       **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

                                            CASE NO.: 16-26187-RAM

SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC.

                                            CHAPTER: 11

        Debtor(s).
_____/

**ORDER GRANTING MOTION FOR RELIEF
FROM STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE NUNC PRO
TUNC TO DECEMBER 12, 2016 FILED BY FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE")**

    THIS CASE came on for hearing on February 22, 2017, on the MOTION FOR RELIEF FROM STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE NUNC PRO TUNC TO DECEMBER 12, 2016 FILED BY FEDERAL NATIONAL MORTGAGE ASSOCIATION

15-41490B

("FANNIE MAE")  [D.E. 118], hereinafter referred to as "Movant". Counsel for Debtor and Movant appeared.  Accordingly, it is:

**ORDERED**:

1. The Motion for Relief from Stay Nunc Pro Tunc To December 12, 2016 [D.E. 118] is Granted.

2. The automatic stay arising by reason of 11 U.S.C. § 362 of the Bankruptcy Code was terminated nunc pro tunc to December 12, 2016, the date of the foreclosure judgment, only as to Movant's interest in the following property:

> **Condominium Unit No. 504 in 6060 CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, recorded April 10, 2006, in Official Records Book 24411, at Page 1780 of the Public Records of Miami-Dade County, Florida, Together with a undivided interest in the Common Elements appurtenant thereto.**
>
> **AKA: 6060 Indian Creek Drive, #504, Miami Beach, FL 33140**

3. The automatic stay is modified for the sole purpose of allowing Movant to complete *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, but the Movant shall not obtain *in personam* relief against the Debtor.

4. The court finds that the automatic stay was not in effect at time of the Foreclosure Judgment on December 12, 2016 as to **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, and any actions taken by Fannie Mae/Seterus in the state court proceeding were not in violation of the stay.

5. The Movant made sufficient allegations and a request in the Motion for Relief from Stay to waive the 14 day stay requirement of Bankruptcy Rule 4001(a)(3). As the property is not owned by Debtor and no objection being raised, the automatic stay shall be lifted immediately upon execution of this order.

###

Submitted by: Brian L. Rosaler, Popkin & Rosaler, P.A., 1701 W. Hillsboro Blvd. Ste. 400, Deerfield Beach, FL 33442, bankruptcy@popkinrosaler.com 954-360-9030

15-41490B

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

Sixty Sixty Condominium Association, Inc.
1489 W. Palmetto Park Rd., Suite 505
Boca Raton, FL 33486

Brett D Lieberman, Esq.
401 E Las Olas Blvd # 1400
Ft Lauderdale, FL 33301

Thomas M. Messana, Esq.
401 E Las Olas Blvd # 1400
Fort Lauderdale, FL 33301

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130

15-41490B