

**ORDERED in the Southern District of Florida on March 2, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM | |
| CONDOMINIUM ASSOCIATION, INC., | |
| | |
| Debtor. | |

**ORDER GRANTING MOTION FOR SANCTIONS**

The Court conducted an evidentiary hearing on February 22, 2017, on the Motion for Sanctions Against Schecher Group, Inc. and Richard Schecher (the "Motion for Sanctions") [DE# 68], filed by Maria Schoentag ("Schoentag") and Elaine Robinson ("Robinson"),

owners of units 1005 and 1103 respectively, in the Sixty Sixty Condominium (the "Building").

After considering the record, including the testimony of the witnesses at the hearing, the Court entered its findings and conclusions on the record in a bench ruling on February 24, 2017. In accordance with those findings and conclusions, which are incorporated here by reference, and upon review of the Notice of Filing Affidavit of Fees and Costs on Unit Owners' Motion for Sanctions Against Schecher Group, Inc. and Richard Schecher, and the Affidavits and billing records attached thereto filed on March 1, 2017 [DE# 137], it is –

**ORDERED** as follows:

1. The Motion for Sanctions is granted.

2. The Schecher Group, Inc. and Casablanca Rental Services, Inc. ("Casablanca") (collectively, the "Respondents") are jointly and severally liable to the movants, Schoentag and Robinson, for the damages awarded in this Order and in the supplemental Order the Court will enter when the compensatory damages awarded in paragraph 3 below are liquidated.[1]

3. Schoentag and Robinson are awarded compensatory damages in an amount equal to the total revenue received by the Schechter

---

[1] The Motion for Sanctions also named Richard Schecher individually. Although not addressed to in the bench ruling, the Court finds insufficient evidence to enter sanctions against Mr. Schechter individually.

Group or by Casablanca for renting out the Schoentag and Robinson units.  This will include the revenue received for all nights in which the Schoentag and Robinson units were rented since the Building reopened late last year.

    4.   Schoentag and Robinson are awarded attorney's fees in the amount of $20,806.00 and costs in the amount of $105.87 for a total amount of $20,911.87, representing reasonable fees and costs incurred in the preparation and prosecution of the Motion for Sanctions.[2]

    5.   Schoentag and Robinson are awarded punitive damages in the amount of $10,000.  Punitive damages are justified because the Respondents intentionally violated this Court's December 22, 2016 Order on Stay Violation Motion (the "Access Order") [DE# 38].  The Court is also awarding punitive damages to deter the Respondents from further conduct denying residential unit owners access to their units, in particular, to deter Respondents from denying a unit owner access because his or her unit is being unlawfully rented to a hotel guest.

    6.   To ensure that Respondents comply with this Court's Orders and with their legal obligations to unit owners, the Court

---

[2] These amounts consist of $18,106.00 in fees and $88.00 in costs incurred by Inger Garcia and $2,700.00 in fees and $17.87 in costs, incurred by Barry S. Mittelberg, Esq.

is entering the following prospective relief.  By March 20, 2017, the Schecher Group and Casablanca shall file:

    A.  A Report of Hotel Revenues (the "Report") that describes in detail the revenue that has been generated from the rental of any unit in the Building to a hotel guest since the Building reopened in late 2016.  The Report shall list the date, unit number, and gross amount of revenue for each night of occupancy.  The Report shall also include a column indicating whether the unit owner signed a rental agreement with the Schecher Group or Casablanca placing their unit into the rental pool; and

    B.  Copies or print-outs of ordinary business records reflecting the total revenue from hotel rentals received each day since the Building reopened.  This information is required to confirm that the total revenues each day in the Report match the total revenues reflected in the company's business records.

7.  Neither the damages awarded in this Order and in the Supplemental Order, nor the attorney's fees incurred by the Schecher Group or Casablanca in defending the Motion, may be billed to the unit owners as "Shared Costs" as that term is defined in the Declaration of Sixty Sixty Condominium, or otherwise.

8.  The relief granted in this Order is without prejudice to any other claims that Schoentag or Robinson may have against the Schecher Group or Casablanca under state law arising from the

unlawful rental of their units or arising from the alleged removal of property from their units.  Any such claims shall be pursued in the state court.

###

COPIES TO:

Brett D. Lieberman, Esq.
Steven M. Davis, Esq.
Barry S. Mittelberg, Esq.
AUST