

**ORDERED in the Southern District of Florida on March 3, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM | |
| CONDOMINIUM ASSOCIATION, INC., | |
| | |
| Debtor. | |

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR CONTEMPT**

The Court conducted hearings on February 22 and February 24, 2017, on the Motion for Contempt and Sanctions for Violating 11 U.S.C. §§ 1121 and 1125 Against Schecher Group, Inc. and Richard Schecher (the "Motion for Contempt") [DE# 112]. The Debtor alleges

that the Schecher Group, Inc. and Richard Schecher, individually (collectively "Schecher") have willfully violated 11 U.S.C. §§ 1121 and 1125 in their communications to owners of residential units in the hotel condominium subject of this bankruptcy case (the "Unit Owners").  Generally, the Debtor argues that Schecher has improperly proposed the framework of a chapter 11 plan for the Debtor during the Debtor's exclusive period to file a plan under § 1121, and solicited approval of its plan without filing, and obtaining approval of, a disclosure statement, as required by § 1125.

Schecher filed a response to the Motion for Contempt [DE# 122].  Schecher argues that it did not propose a chapter 11 plan, simply a plan structure that it believes would be advantageous to the Unit Owners.  In addition, Schecher argues that its communications with the unit Owners by email, web postings and a YouTube video (the "Communications") include its proposal of an alternative budget which it has the authority to do under Florida law.

The Court finds that Schecher has not willfully violated the Bankruptcy Code and therefore, the Motion for Contempt will be denied to the extent it seeks sanctions.  As the Hotel Unit Owner (the "Hotel"), Schecher has the right to communicate with the Unit Owners regarding their outstanding debts to the Hotel, and the

right to negotiate repayment of these debts by offering reductions if the Unit Owners agree to place their units in the Hotel rental pool.[1]  Schecher also has the right as a member of the Debtor association to propose a budget and to criticize the actions of Ms. Velez and the Debtor's Board, and to encourage the Board to dismiss the bankruptcy case.  Bankruptcy does not restrict the rights of parties to communicate with other third parties about contractual obligations or the actions of an association (the Debtor here) in which the third parties are all voting members.  Schecher will also have the right to solicit votes against any plan filed by the Debtor, but only after the Debtor's plan is sent out for voting.

However, there are limits.  The Bankruptcy Code prohibits Schecher from proposing a plan of reorganization for the Debtor unless and until exclusivity expires and also prohibits it from soliciting approval of a plan unless and until its plan is sent out to vote after approval of a disclosure statement.

Therefore, it is –

**ORDERED** as follows:

---

[1] Acknowledging Schecher's right to communicate with Unit Owners about their debt to the Hotel is not a finding that the Unit Owners owe the amounts claimed by Schecher.  The amounts owed by Unit Owners to the Hotel will presumably be determined when the amount owed by the Debtor Association to the Hotel is determined, since the Debtor owns the commercial units and one residential unit.

1. The Motion for Contempt is granted in part and denied in part.

2. To the extent the Motion for Contempt requested monetary sanctions, the Motion for Contempt is denied.

3. To the extent the Motion for Contempt seeks prospective relief prohibiting Schecher from proposing a chapter 11 plan or plan structure and from soliciting approval of his plan structure, the Motion for Contempt is granted.

4. In any future communications with the Unit Owners, the Schecher Group and Richard Schecher, individually ("Schecher") shall not include any proposals that include suggested provisions for a chapter 11 plan whether or not expressly referred to as a chapter 11 plan or a bankruptcy exit plan.

5. Schecher may continue to communicate with Unit Owners regarding their debts to the Hotel Unit Owner and Schecher's views on the Association's budget.  However, any alternative budget Schecher presents to the Unit Owners that is dependent upon approval of a bankruptcy exit plan or chapter 11 plan must include the following disclaimer: "This proposed budget assumes approval of certain proposals that the Schecher Group [or Hotel Unit Owner] intends to include in a chapter 11 plan for the Association, if an alternative plan is proposed.  <u>Presently, only the Association may present a chapter 11 plan for your consideration</u>."

4

6. Upon the finality of this Order, Schecher shall amend its website and replace or simply remove the YouTube video to conform to the requirements of this Order.

###

COPIES TO:

Brett D. Lieberman, Esq.
Steven M. Davis, Esq.
Barry S. Mittelberg, Esq.
AUST