

**ORDERED in the Southern District of Florida on May 3, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
|  | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM | |
| ASSOCIATION, INC., | |
| Debtor. | |

**ORDER (1) SETTING HEARING AND DEADLINES ON AMENDED DISCLOSURE STATEMENT (2) SETTING BRIEFING SCHEDULE ON RIGHT OF FIRST REFUSAL ISSUE (3) SUSTAINING IN PART OBJECTION TO DISCLOSURE STATEMENT AND (4) CONTINUING HEARINGS ON APPLICATION TO EMPLOY MANAGER AND APPLICATION TO EMPLOY BROKER AND APPROVE BID PROCEDURES**

The Court conducted a hearing on May 2, 2017, on the following motions and matters:

a) approval of the Debtor's Disclosure Statement in Support of Plan of Reorganization of Sixty Sixty Condominium Association, Inc. [DE #150] (the "Disclosure Statement);

b) the Debtor's Expedited Motion for Entry of an Order: (I) Approving Jason Welt and Trustee Realty, Inc. as Debtor's Real Estate Professional; (II) Approving Proposed Bidding Procedures; (III) Approving Form and Notice Thereof; and (IV) Scheduling Hearing to Consider Approval of "Highest and Best" Bid [DE# 174] (the "Application to Employ Broker and Approve Bid Procedures"); and

c) the Debtor's Motion for Authority to Engage Property Manager and Approve Management Terms [DE #175] (the "Application to Employ Manager").

Two parties filed objections to the Disclosure Statement: Florida Building & Supply, Inc.'s Objection to Debtor's Disclosure Statement in Support of Plan of Reorganization of Sixty Sixty Condominium Association, Inc. [DE #216] (the "FBS Objection") and Secured Creditor, Schecher Group, Inc.'s (I) Objection to Disclosure Statement in Support of Plan of Reorganization of Sixty Sixty Condominium Association, Inc. [ECF No. 150] and (II) Request for Dismissal of Debtor's Chapter 11 Case [DE #218] (the "Schecher Group's Objection"). Prior to the hearing, in a reply filed by the Debtor to the two objections to the Disclosure Statement [DE

2

#224], the Debtor agreed to make several changes in order to address the concerns of FBS.

The Schecher Group's Objection brings up, among other things, its right of first refusal in section 17.1 of the Declaration of Sixty Sixty Condominium [DE #138-1 and #138-2] (the "Declaration"). The Schecher Group argues that its right of first refusal allows it to match the price allocated to each individual unit and to buy individual units at that price notwithstanding the Debtor's request to approve a bulk sale in its plan and Disclosure Statement. The Debtor, in turn, argues that the right of first refusal requires the Schecher Group to match the purchase price for all of the units that would be included in a bulk sale offer made by a potential buyer (the "Right of First Refusal Issue"). Although raised in the Schecher Group's Objection to the Disclosure Statement, the Right of First Refusal Issue also relates to the Debtor's Application to Employ Broker and Approve Bid Procedures.

For the reasons stated on the record and incorporated here by reference, the Court is denying as moot the FBS Objection, sustaining in part the Schecher Group's Objection, requiring the Debtor to file an Amended Plan and an Amended Disclosure Statement and setting a hearing to consider the approval of the Amended Disclosure Statement. The Court is also setting a briefing schedule on the Right of First Refusal Issue, and continuing the hearings

3

on the Application to Employ Broker and Approve Bid Procedures and the Application to Employ Manager.

The Schecher Group's Objection to the Disclosure Statement is sustained in part to the extent the Debtor seeks to amend the voting rights of Unit Owners, the Debtor, and the Schecher Group pursuant to a chapter 11 plan and in violation of the Declaration and the By-Laws of Sixty Sixty Condominium Association, Inc. [DE #138-3, #138-4, and #138-5] (the "By-Laws"). The Court finds that the Debtor cannot rely on 11 U.S.C. §1123(a)(5)(I) to dilute the voting rights of the Schecher Group in a chapter 11 plan. The Schecher Group has vested property rights to the votes provided to it in the Declaration and the By-Laws, both of which are covenants that run with the land and that define the property rights between the Debtor, Unit Owners, and the Schecher Group. *Woodside Vill. Condo. Ass'n v. Jahren*, 806 So. 2d 452, 456 (Fla. 2002)("A declaration of a condominium is more than a mere contract spelling out mutual rights and obligations of the parties thereto-it assumes some of the attributes of a covenant running with the land, circumscribing the extent and limits of the enjoyment and use of real property."). Because the Debtor seeks to affect the property rights of third parties, it is an impermissible use of section 1123(a)(5). *In re Irving Tanning Co.*, 496 B.R. 644, 664 (1st Cir. BAP 2013)("[F]or both statutory and constitutional reasons, the

4

preemptive effect of § 1123(a) cannot extend to laws defining and protecting the property rights of third parties."). Therefore, it is-

**ORDERED** as follows:

1.    The Debtor shall file an Amended Plan and Amended Disclosure Statement by **May 23, 2017**. The Amended Plan and Amended Disclosure Statement shall incorporate the following:

       a. The Debtor shall eliminate all plan provisions that change the voting rights of the Unit Owners. Any changes to voting rights may only be accomplished in compliance with the applicable provisions in the Declaration and the By-Laws.

       b. In the disclosure relating to the bulk sale alternative, the Debtor shall disclose the Right of First Refusal Issue and shall describe the two possible outcomes.

       c. The Debtor shall make the changes it agreed to make as described in paragraph 12 of the Debtor's reply [DE #224] to resolve FBS's objection to the Disclosure Statement.

2.    The deadline for parties in interest to file objections to the Amended Disclosure Statement is **June 9, 2017**.

3. The Court will hold a hearing to consider approval of the Debtor's Amended Disclosure Statement on **June 21, 2017 at 2:00 p.m.** at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL 33128.

4. The FBS Objection is overruled as moot.

5. The Schecher Group's Objection is sustained in part as to the voting issue. The Schecher Group's Objection to other provisions in the Disclosure Statement is overruled without prejudice.

6. The Schecher Group's request for dismissal in its Objection is denied without prejudice.

7. By **May 26, 2017**, the Schecher Group shall file an objection to the Application to Employ Broker and Approve Bid Procedures addressing the Right of First Refusal Issue.

8. The Debtor shall file a response to the Schecher Group's objection to the Application to Employ Broker and Approve Bid Procedures by **June 9, 2017**.

9. The Court will conduct a further hearing on the Application to Employ Broker and Approve Bid Procedures [DE #174] and the Application to Employ Manager on **June 21, 2017 at 2:00 p.m.** at the at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, FL 33128.

6

### 

COPIES TO:

Brett D. Lieberman, Esq.
Steven M. Davis. Esq.
Barry P. Gruher, Esq.
Barry S. Mittelberg, Esq.
David Marshall Brown, Esq.
AUST

*Attorney Lieberman shall serve a copy of this Order to all parties in interest and file a Certificate of Service with the Court.*