

**ORDERED in the Southern District of Florida on May 4, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
|  | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC., |  |
|         Debtor. |  |

**REPORT TO STATE COURT ON
PENDING MATTERS AND COLLATERAL
<u>ESTOPPEL EFFECT OF BANKRUPTCY COURT RULING</u>**

The Court conducted a hearing on May 2, 2017, on the Motion for Bankruptcy Court Direction to Circuit Court Regarding Pending and to be Pending Related Miami-Dade Circuit Court Foreclosure Actions [DE# 171] (the "Motion Requesting Direction"). The motion

was filed by parties who own condominium units at the Sixty Sixty Condominium located at 6060 Indian Creek Drive, Miami Beach, Florida (the "Unit Owners").

The Unit Owners are defendants in foreclosure cases filed by the Schecher Group Inc. and related entities (the "Schecher Group") in Miami-Dade Circuit Court (the "Foreclosure Cases"). The Motion Requesting Direction states that Miami-Dade Circuit Court Administrative Judge Jennifer D. Baily, "has specifically requested that [the Unit Owner's counsel] request this Court provide guidance as to how to uniformly administer the aforementioned cases so as to ensure consistency of rulings thereon and to be notified when all cases are stayed."

The Court finds that the appropriate response to Judge Bailey's inquiry is to provide a status report on matters that are pending in this bankruptcy case and to describe why this Court's ruling in a pending adversary proceeding should have collateral estoppel effect and bind the Unit Owners and the Schecher Group on that same issue pending in each of the Foreclosure Cases.

The Debtor in this bankruptcy case is the condominium association for the Sixty Sixty Condominium and is also the owner of one residential unit and certain commercial units of the condominium. Under the condominium documents, the Schecher Group, as owner of the hotel unit, is entitled to be reimbursed by all of

2

the Unit Owners for each owner's specified percentage of the Schecher Group's costs, a number referred to as Shared Costs. Each Unit Owner is obligated to pay a designated percentage of the Shared Costs and the percentage is specifically set forth in the condominium documents.

Both the Debtor, as a Unit Owner, and the other Unit Owners who are defendants in the Foreclosure Cases, dispute the Schecher Groups calculation of Shared Costs. To resolve that dispute, the Debtor has filed an adversary proceeding in this bankruptcy case against the Schecher Group, Adv. 17-1171 (the "Shared Costs Adversary"). Among other relief, the adversary complaint seeks a judgment determining the amount of the Shared Costs. The adversary proceeding is scheduled for pretrial conference on July 13, 2017, and the Court intends to try the case, if possible, by the end of August.

Several of the Unit Owners have filed a Joinder in the adversary. Any Unit Owner who is permitted to intervene will certainly be bound in the Foreclosure Cases by this Court's determination of Shared Costs in the Shared Costs Adversary. Unit Owners who do not become party plaintiffs could stipulate to be bound by this Court's judgment determining Shared Costs.

In sum, this Court's determination of Shared Costs, a baseline number applicable to each Unit Owner's obligation, will be binding

3

in the Foreclosure Cases on any Unit Owner who either intervenes as a Plaintiff in the Shared Costs Adversary or who stipulates in the Foreclosure Cases to be bound by the judgment.  There is little doubt that collateral estoppel would apply to any disputes over Shared Costs in the Foreclosure Cases.  Therefore, this Court observes that litigating the Shared Costs issue in the numerous Foreclosure Cases may be an inefficient use of state court judicial resources.

Based on the foregoing, it is –

**ORDERED** as follows:

1.   The Motion for Direction is granted in part.

2.   The automatic stay in 11 U.S.C. § 362 does not stay the continued prosecution of the Foreclosure Cases and nothing contained in this Order acts as a stay.

3.   In respect for the state court's independent jurisdiction, this Court expresses no views on whether the Foreclosure Cases should be transferred to a single judge and expresses no view on whether the Foreclosure Cases should be consolidated.

4.   The purpose and scope of this Order is the following:

   A.   To advise the state court that the Shared Costs amount critical to determining the debt owed by each Unit Owner in

each of the Foreclosure Cases is an issue that will be determined by this Court in the Shared Costs Adversary; and

       B.   To advise the state court of this Court's legal conclusion that the Shared Costs determination will be binding in the Foreclosure Cases under the doctrine of collateral estoppel in any Foreclosure Case in which the Unit Owner defendant has intervened as a plaintiff in the Shared Costs Adversary, or has stipulated in the Foreclosure Case that it will be bound by the Shared Costs determination in the Shared Costs Adversary.

5.   At the May 2nd hearing on the Motion Requesting Direction, counsel for the Schecher Group stated that issues other than the amount of the Shared Costs were pending in several of the Foreclosure Cases.  This Court expresses no view as to whether a state court judge considering a stay of proceedings related to the Shared Costs issue should or should not allow the parties to continue litigating other issues.

###

COPIES TO:

Brett D. Lieberman, Esq. (Counsel for Debtor)
Barry P. Gruher, Esq. (Counsel for Schecher Group)
David Marshall Brown, Esq. (Counsel for several Unit Owners)
Ken Taninaka, Esq. (Counsel for seral Unit Owners)
AUST

(**Attorney Brown is directed to serve a copy of this Order on all other parties and file a Certificate of Service**)