**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:

**SIXTY SIXTY CONDOMINIUM**            **CASE NO.: 16-26187-RAM**
**ASSOCIATION, INC.**            **Chapter 11**

     Debtor.
_____/

**SCHECHER GROUP, INC.'S (I) RESPONSE TO KINGFISHER ISLAND, INC.'S OBJECTION TO AND MOTION TO STRIKE SECURED CREDITOR SCHECHER GROUP, INC.'S DISCLOSURE OF CONFIDENTIAL SETTLEMENT COMMUNICATION AND (II) SUR-REPLY TO DEBTOR'S REPLY TO FIRST AMENDED DISCLOSURE STATEMENT OBJECTIONS**

     **SCHECHER GROUP, INC.** (the "Schecher Group" or "Secured Creditor"), by and through counsel, files this Schecher Group, Inc.'s (I) Response To Kingfisher Island, Inc.'s Objection To And Motion To Strike Secured Creditor Schecher Group, Inc.'s Disclosure Of Confidential Settlement Communication And (II) Sur-Reply To Debtor's Reply To First Amended Disclosure Statement Objections and (the "Response")[1] and in support thereof states, as follows:

     1.     By way of this Response, the Schecher Group shall address the Movant, Kingfisher Island, Inc.'s ("KFI" or "Movant") Objection To And Motion To Strike Secured Creditor Schecher Group, Inc.'s Disclosure Of Confidential Settlement Communication (the "Motion to Strike")[ECF No. 270] and the Debtor's Reply to First Amended Disclosure Statement Objections (the "Reply") [ECF No. 268]. In doing so, the Schecher Group contends that Movant has mischaracterized the June 6, 2017 Letter of Intent (the "Amended LOI") as a confidential settlement communication made under Fed. R. Evid. 408 intended to settle any disputes between the Schecher Group and KFI, since no dispute existed as between them.

     2.     Furthermore, the Amended LOI does not seek to nor could it resolve the litigation between the Debtor and Schecher Group in the pending Adversary Proceeding[2] to which KFI is

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Schecher Group's Objections to the Debtor's First Amended Disclosure Statement and First Amended Plan [ECF No. 259].

[2] Adv. Case No. 17-01171-RAM-BKC.

not a party.  As explained below, given the circumstances surrounding the unsolicited transmittal of the Amended LOI to the Schecher Group and others, the content of this document was reasonably perceived as just another offer to purchase the Hotel Unit – not to be confused with or considered a settlement communications – along with the Commercial Units and Residential Units, in an effort by KFI to capture the entire 6060 Building before another prospective purchaser had an opportunity to do so.

3.    Initially, it should be noted that KFI is not a creditor or interest party in this Bankruptcy Case. KFI has not been approved as any "stalking horse" purchaser for the Debtor's assets or non-debtor Residential Units. KFI has not been employed as a professional of the Estate nor is KFI authorized to act in anyway on behalf the Debtor in these proceedings, let alone negotiate any settlement on behalf of the Debtor. KFI has no claims against the Schecher Group, the Debtor or the Residential Unit Owners, but even if does, such claims have not been disclosed in the Amended LOI or in the Motion to Strike.

4.    Additionally, KFI is not a party to any adversary proceeding or contested matter in the Bankruptcy Case. KFI is not a party to the foreclosure proceedings or any other lawsuit pending in the state court which in involves the Schecher Group or the RUOs. KFI has not been appointed as a mediator in this Bankruptcy Case. In fact, KFI is not even a disinterested party under the Bankruptcy Code having filed the Motion to Strike. Whatever intentions KFI may have had when submitting the Amended LOI, it simply had no "dog in the fight" and can only be described as an interloper in with respect to any claims between the recipients of the document.

5.    Nowhere in the Amended LOI does KFI use the words "settlement," "compromise" or "attempt to compromise," within the text of the document. To the contrary, the Amended LOI vaguely refers to "certain disputes and bankruptcy proceedings" concerning the "Property and Units", but fails to identify, explain and/or specify the nature of any dispute between any of the contemplated parties to the Amended LOI, while offering literally zero settlement terms (except for staying the Bankruptcy Case) and expressly stating that "<u>this LOI is not intended to be binding</u>."

6.    Simply put, the Amended LOI is a classic "illusory" contract. Moreover, no recipient of the Amended LOI, not even the Debtor, ever advised or communicated with the Schecher Group regarding the nature, content and terms of any "dispute", "settlement" or "compromise" of any claims with respect to the *illusory* offer by KFI to purchase the

Commercial Units, Residential Units and Hotel Unit. Until recently, it was complete radio silence from everyone who received the Amended LOI.

7. Based upon the filing of the Motion to Strike and Reply, the Schecher Group now questions whether adequate disclosures have been made in the Amended Disclosure Statement as to the existence (not necessarily the contents or specifics) of any alleged "confidential settlement communication" regarding the Amended LOI. Moreover, at the time the Schecher Group filed the Schecher Group, Inc.'s (I) Objection To First Disclosure Statement In Support Of First Amended Plan Of Reorganization of Sixty Sixty Condominium Association, Inc. filed by the Debtor, Sixty Sixty Condominium Association, Inc. And (II) Motion For Dismissal Of Debtor's Chapter 11 Case (the "Objection to Amended Disclosure Statement") [ECF No. 259], there was a good faith concern that the integrity of the "Bulk Sale" proposed by the Debtor was compromised if KFI was continuing to shop around for a different or better deal than set forth in the original LOI attached to the Amended Disclosure Statement.

8. To put this matter into proper context, the Schecher Group directs KFI and Debtor to the *Order Granting, In Part, Debtor's Expedited Motion For Entry Of An Order: (i) Approving Jason Welt And Trustee Realty, Inc. as Debtor's Real Estate Professional; (ii) Approving Proposed Bidding Procedures; (iii) Approving Form And Notice Thereof; and (iv) Scheduling Hearing To Consider Approval of "Highest And Best" Bid* (the "Order on Expedited Motion") [ECF No. 212]. By virtue of the Order on Expedited Motion, Mr. Welt was retained by the Estate "to explore Potential Purchasers for the opportunity *to submit an LOI in a contemplated Bulk Sale of the Commercial Units and Residential Units*."

9. Over the course of the last few months, Mr. Welt, has worked cooperatively with the Schecher Group to show the Debtor's Commercial Units and RU 505 at the 6060 Building in an effort to carry out these duties. Both the Debtor and KFI are well aware of Mr. Welt's involvement in this case, but there is no indication that the Amended LOI was ever discussed or presented to Mr. Welt, which if it was not, would serve only to undermine his retention.

10. In the Amended Disclosure Statement, the Debtor states that "the Debtor engaged in extensive telephone conferences with potential purchasers and the Broker conducted several walk throughs of the Condominium with same." pgs. 32-33 [ECF. No. 246]. Nowhere does the Debtor disclose settlement communications between the parties regarding the sale of the Hotel Unit as part of the Bulk Sale nor the existence of such communications as an attempt to resolve

"potential claims" with respect to sale contemplated by the Amended LOI. If this were the case, then the Debtor had an affirmative duty and obligation to further amend its Amended Disclosure Statement prior to the June 21st hearings promptly alerting the Court, creditors and interested parties of these developments that may impact the Amended Plan.

11.     More importantly, any notions that the Schecher Group somehow "baited the Debtor and potential purchasers into spending considerable time and energies working towards a global sale and resolution of all pending disputes" only then to use the rejection of the Amended LOI as its principal argument against the feasibility of the Amended Disclosure Statement and Amended Plan is disingenuous.

12.     First, throughout the Bankruptcy Case, the Schecher Group has objected to the Debtor's reorganizational efforts primarily because the implementation of its plan has always been at odds with the framework of the Declaration and infringes upon the Hotel Unit Owner's valuable property rights and interests in the 6060 Building. At no time has the Debtor presented the Schecher Group with a proposal to resolve these issues. Instead, the Debtor has chosen to double down on the Right of First Refusal Issue and Rental Program as well as issues not germane to the Debtor's reorganization, but designed to drive the Hotel Unit out of business. This has been self-evident since the beginning of this Bankruptcy Case and confirmed by the Amended Disclosure Statement.

13.     Second, at no time has the Schecher Group ever committed to the Debtor, KFI or any potential purchaser that it would sell the Hotel Unit, particularly, as part of any plan proposed by the Debtor. To reiterate, the Schecher Group is not in bankruptcy. Whatever the Schecher Group ultimately decides to do, or not to do, with the Hotel Unit is completely within its sole discretion.

14.     Third, in early May, 2017, only *after* the Debtor failed to change the voting rights under the Declaration, KFI offered to purchase the Hotel Unit. To be clear, it was KFI that chased down the Schecher Group to purchase the Hotel Unit not the other way around. Meanwhile, at no time was the Schecher Group under any obligation to negotiate and/or sell the Hotel Unit or work with the Debtor to obtain approval of what it has always maintained was an ill-conceived, un-confirmable Plan.

15.     Significantly, as early as May 24, 2017, KFI was informed by the Schecher Group that it was not in position to move forward with a proposal to purchase the Hotel Unit. Yet, KFI

persisted in its efforts to obtain the Hotel Unit from the Schecher Group, while the Debtor continued to look for a solution to confirm a plan by attempting to open up a dialogue with the Schecher Group. Needless to say, the Schecher Group was not presented with any acceptable offer by KFI or the Debtor to sell the Hotel Unit and as revealed in the Amended Disclosure Statement, the Schecher Group remains a "Litigation Target".

16. Accordingly, on June 3, 2017, counsel for Debtor was made aware that the Schecher Group was officially taking the Hotel Unit off the market. This pronouncement was clear and unequivocal. The Debtor was also informed that any potential deal with KFI and the Schecher Group was effectively dead. And, while the opportunity to work with the Debtor to resolve various issues in the Bankruptcy Case was left open, any such discussions would have been directly between counsel for the Schecher Group and Debtor. That is, there were no global settlement communications between the Debtor, Schecher Group and KFI with respect to resolving the many complex issues presently before this Court.

17. On June 5, 2017, the Schecher Group again unequivocally advised KFI that the Hotel Unit was not for sale. Without disclosing the specific contents of this communication, the Schecher Group reinforced its commitment to seeing the Bankruptcy Case through to conclusion.

18. Remarkably, on June 6, 2017 (the very next day), KFI sent the Amended LOI via an email attachment containing no disclaimers that such communication was to be considered confidential and/or a privileged settlement communication, to counsel for the Schecher Group the Debtor and Residential Unit Owners. This email and Amended LOI was completely unsolicited, was never presented in advance to the Schecher Group in the context of Rule 408, and despite the arguments of KFI, appeared to have rendered the original LOI moot.

19. Indeed, there was nothing for KFI to settle or negotiate with the Schecher Group at that point. However good intentioned KFI may lead this Court to believe when making this overture, certainly, this was not the view expressed or shared by the Schecher Group.

20. On June 13, 2017, counsel for KFI contacted the undersigned counsel concerning various matters related to the Bankruptcy Case. Without getting into specifics, the conversation caused the Schecher Group some genuine angst and concerns about the Amended LOI.

21. On June 14, 2017, the Schecher Group formally rejected the Amended LOI with notice to all other parties. However, as of the deadline by which the Schecher Group was ordered to file the Objection to Amended Disclosure Statement, the Amended LOI had neither expired by

5

its own terms nor was the Schecher Group informed that KFI withdrew the offer, and/or that the Debtor and RUOs had accepted or rejected the Amended LOI.

22. Moreover, in an abundance of caution, on June 16, 2017, the undersigned counsel reached out to both Mr. Lieberman and Mr. Garcia to inquire as to the status of Amended LOI, having not heard anything for well over a week regarding their positions on the matter. To date, there has been no response to this inquiry. Shortly afterwards, undersigned counsel was again contacted by counsel for KFI demanding a retraction of the Objection to Amended Disclosure Statement, which after careful consideration of the rationale for such action, was declined.

23. Focusing only the issues raised in the Motion to Strike, the Amended LOI was never signed by the Schecher Group and had already been rejected. Furthermore, the Amended LOI was sent unsolicited by KFI and submitted to counsel for the Hotel Unit Owner, including counsel for the Debtor and Residential Unit Owners, without requesting nor obtaining any signed confidentiality agreement or requesting that this document be kept confidential by the Schecher Group. Therefore, the Schecher Group was never bound by any confidentiality agreement.

24. If, at the time of submitting the Amended LOI, the Schecher Group was given a "heads up" that this particular document was somehow in furtherance of settlement discussions, or a request was made that the document be kept confidential before it was actually sent, perhaps the result would have been different.

25. But, from all appearances, the Amended LOI was sent to the parties with the intent and purpose of having it executed and there was no reason for anyone to think that the Amended LOI was being presented for some other purpose outside the context of the Bankruptcy Case, which is supposed to be a transparent process. As such, the Debtor would have been under an obligation to seek bankruptcy court approval prior to executing the Amended LOI, which would necessary involve the disclosure of the Amended LOI to the Court, creditors and interested parties in the Bankruptcy Case.

26. There is no basis for KFI to conflate the concept of submitting the Amended LOI in the context of Rule 408 settlement negotiations as opposed to an attempt at reviving a deal which was already a *fait accompli* with respect to purchasing the Hotel Unit. To avoid such problems from occurring in the future, counsel for the parties should make known their intentions concerning the nature of such communications and exchanges of documents.

27.     KFI cites Fed. R. Evid. 408 in support of its contention that "evidence of compromise offers are not admissible to impeach by contradiction." *See* Motion to Strike, ¶ 4. Notably, the Advisory Committee's Note to Rule 408 explains that a primary purpose for this rule is the "promotion of the public policy favoring the compromise and settlement of disputes." Following this rationale, the Eleventh Circuit has held that "[t]he test for whether statements fall under this rule is 'whether the statements or conduct were intended to be a part of the negotiations toward compromise.' " *Blu–J, Inc. v. Kemper C.P.A. Group,* 916 F.2d 637, 642 (11th Cir. 1990) (quoting *Ramada Dev. Co. v. Rauch,* 644 F.2d 1097, 1107 (5th Cir. 1981)).

28.     Here, however, there is not currently, nor has there ever been, any "dispute" between the Schecher Group and KFI to be compromised or settled. Consequently, no communication by KFI to the Schecher Group could possibly have been interpreted as a "compromise offer." The continued desire by KFI to purchase the Hotel Unit from the Schecher Group cannot unilaterally transform the Amended LOI into confidential agreement. Likewise, the Amended LOI was not included as an exhibit to the Objection to Amended Disclosure Statement designed "to impeach [KFI] by contradiction." Rather, the Amended LOI was referenced and incorporated to provide the basis for the Schecher Group's understanding that the original LOI appears to have been rendered moot, at least from the standpoint of KFI.

29.     While certainly not looking to prejudice KFI, or any other party that may consider bidding for the Commercial Units and Residential Units, the Schecher Group, as a secured creditor, should not be precluded from exercising vigilance during the disclosure process in order to protect the value of the Hotel Unit and the overall going concern of the 6060 Building. For now, the Amended LOI has only been filed in the Bankruptcy Case with notice given only to those parties receiving electronic service of the Objection to Amended Disclosure Statement.

30.     Should the Court determine that the Amended LOI does not have any probative value or relevance in determining whether approval of the Amended Disclosure Statement is appropriate, and accepts the representations of KFI as stated in the Motion to Strike, then the Court is free to exercise its discretion and redact the Amended LOI from the record. However, such relief should not also include striking or removing the substantive content or arguments from the Objection to Amended Disclosure Statement.

**WHEREFORE**, the Schecher Group, Inc., respectfully requests that this Court enter an Order: (i) sustaining this Response; (ii) denying the Motion to Strike or, alternatively, entering

appropriate relief as may be necessary in the interests of the Schecher Group, Debtor and KFI; and (iii) granting such other and further relief as the Court deems proper.

**Respectfully submitted this 20th day of June, 2017.**

            **GENOVESE, JOBLOVE & BATTISTA, P.A.**
            *Co-Counsel for Schecher Group, Inc.*
            100 S.E. 2nd Street, Suite 4400
            Miami, FL 33131
            Tel: (305) 349-2300
            Fax: (305) 349-2310

            By: /s/ Barry P. Gruher
              Barry P. Gruher, Esq.
              Fla. Bar No. 960993
              Email: bgruher@gjb-law.com

            **BECKER & POLIAKOFF, P.A.**
            *Attorneys for Schecher Group, Inc. and Casablanca Rental Services, Inc.*
            121 Alhambra Plaza, 10th Floor
            Coral Gables, FL  33134
            (305) 262-4433 Telephone
            E-mail: Sdavis@bplegal.com

            By: /s/ Steven M. Davis
            Steven M. Davis
            Florida Bar # 894249

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Objection has been furnished to all parties on the attached Service List via CM/ECF notification and or Email on this 20th day of June, 2017 and via U.S. Mail on the 21st day of June, 2017.

            By: /s/ Barry P. Gruher
              Barry P. Gruher, Esq.
              Fla. Bar No. 960993
              Email: bgruher@gjb-law.com

## SERVICE LIST

*Served Via CM/ECF Notification*

Magda Abdo-Gomez, Esq on behalf of Creditor Florida Building & Supply, Inc.
mabdoatty82@bellsouth.net

Chase A Berger on behalf of Interested Party Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III
chase@bergerfirm.com, yudis@bergerfirm.com,ricardo@bergerfirm.com

David Marshall Brown on behalf of Creditor Collective Unit Owners
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Creditor Penthouse 68, LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Creditor Rodrigo and Maria Veldez Family Trust
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Creditor Sixty Sixty Condominium Unit Owners
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Creditor Alexandre Lombardo
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Alfer Investment Corp.
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Aspire Higher Inc.
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Bambamiami Inc.
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Bolcar International, Inc.
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Boston RV Corp.
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Dagraju LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Elssitta LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Importadora Interwheels SA
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff International Consulting Corp.
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff LC Geraci LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Loremar Corp
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Mialio LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Numero 991 LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Pariano LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Peccho LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Rodrigo & Maria Velez Family Trust
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Valentin Invetment LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Villita LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Vintage Classics LLC
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Alexandre Lombardo
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Alisa Monsees
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Ana Nordeste Braathen
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Caroline Hogner
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Cecilia Zsilvai
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff David Georg
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Dominique Sauvetre
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Elsa Depablos Bermudez
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Elyam Munoz
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Flavia Campero
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Frank Jordon
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Franklin Campero
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Gerard Mafale
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Henry Kwiatkowski
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Hugo Pedriel
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Ivan Mahana
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Jean Franois Filion
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Jose Valera
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Laura Mafale
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Luis Armando Lancheros
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Lydia Apodaca
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Maria Schoentag
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Maria T. Velez
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Miguel Fava
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Niklas Albinsson-Collander
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Pablo Carlos Mayaud-Maisonneuve
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Ralf Bauchrowitz
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Richard Monsees
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Roman Luis Malagon
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Roselia De Las M. Velasquez
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Ruben Lamothe
DavidBrownfll@gmail.com

David Marshall Brown on behalf of Plaintiff Zulema Fava
DavidBrownfll@gmail.com

Michael R. Carroll, Esq. on behalf of Creditor Ocean Bank
mcarroll@oceanbank.com

Steven M Davis on behalf of Creditor Schecher Group, Inc.
sdavis@bplegal.com

Steven M Davis on behalf of Creditor Richard J. Schecher, Sr.
sdavis@bplegal.com

Steven M Davis on behalf of Defendant Schecher Group, Inc.
sdavis@bplegal.com

Steven M Davis on behalf of Interested Party Condominium Hotel Management Corporation, Inc.
sdavis@bplegal.com

Mariaelena Gayo-Guitian on behalf of Creditor Schecher Group, Inc.
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com

Frank J Gomez on behalf of Creditor DEUTSCHE BANK NATIONAL TRUST COMPANY
fgomez@rasflaw.com, bkyecf@rasflaw.com;ras@ecf.courtdrive.com

Barry P Gruher on behalf of Creditor Schecher Group, Inc.
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Defendant Schecher Group, Inc.
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com

Michael D Lessne on behalf of Interested Party Kingfisher Island, Inc.
mlessne@broadandcassel.com, jphillips@broadandcassel.com

Derek E Lewis on behalf of Interested Party Wells Fargo
dlewis@chartwelllaw.com

Derek E Lewis on behalf of Interested Party Wells Fargo Bank, N.A.
dlewis@chartwelllaw.com

Brett D Lieberman on behalf of Debtor Sixty Sixty Condominium Association, Inc.
blieberman@messana-law.com, emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tzeichman@messana-law.com;thurley@messana-law.com;mwslawfirm@gmail.com

Brett D Lieberman on behalf of Plaintiff Sixty Sixty Condominium Association, Inc.
blieberman@messana-law.com, emair@messana-law.com;nbarrus@messana-law.com;tmessana@messana-law.com;tzeichman@messana-law.com;thurley@messana-law.com;mwslawfirm@gmail.com

Thomas M. Messana, Esq. on behalf of Debtor Sixty Sixty Condominium Association, Inc.
tmessana@messana-law.com, emair@messana-law.com;blieberman@messana-law.com;thurley@messana-law.com;tmessana@bellsouth.net;nbarrus@messana-law.com;ekates@bakerlaw.com;tzeichman@messana-law.com;mwslawfirm@gmail.com

Barry S. Mittelberg on behalf of Interested Party Elaine Robinson
barry@mittelberglaw.com, stacey@mittelberglaw.com

Barry S. Mittelberg on behalf of Interested Party Maria Schoentag
barry@mittelberglaw.com, stacey@mittelberglaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Brian L Rosaler, Esq on behalf of Creditor Federal National Mortgage Association
ecfbankruptcy@popkinrosaler.com

Meredith Mishan Silver on behalf of Interested Party Setter, LLC
msilver@phillipslawyers.com, wcapote@phillipslawyers.com

Ken Taninaka on behalf of Interested Party Ciaraso Corp.
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Rino International, Inc.
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Robys 1 Corp.
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Sixty Sixty 706 & 906 LLC
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Hansrah Bhojwani
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Martin Lange
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Mohini Hotchandini
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Nandini Bhojwani
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Richard Vasquez
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Ken Taninaka on behalf of Interested Party Sunjay Hotchandini
ktaninaka@skdrlaw.com, rsaetae@skdrlaw.com;vdamian@skdrlaw.com

Steve D Tran on behalf of Creditor WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2
bk@exllegal.com

*Via U.S. Mail and Email*

Adam T. Kent, Esq.
Professional Partners Group, LLC
895 Dove Street, Suite 300
Newport Beach, CA 92663
Email:  adam@propartnersgroup.com