

**ORDERED in the Southern District of Florida on June 23, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM | |
| ASSOCIATION, INC., | |
| | |
| Debtor. | |

**ORDER GRANTING APPLICATION FOR
ADMINISTRATIVE EXPENSE AND GRANTING LIMITED STAY RELIEF**

The Court conducted a hearing on June 21, 2017, on a Motion and Application by Schecher Group, Inc. for (I) Allowance and Compelling Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(a) & (b)(1)(A), and/or, Alternatively (II) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the

"Utility Expense Motion") [DE# 252].  For the reasons stated on the record, it is –

**ORDERED** as follows:

1.   The Utility Expense Motion is granted in part to the extent provided below.

2.   The Schecher Group is granted an allowed administrative expense in the amount of $5,535.34, representing the Debtor's allocable share of $93,977.29 in postpetition utility charges paid by the Schecher Group.  The total amount of Shared Costs recoverable by the Schecher Group is at issue in Adv. No. 17-1171.  The Court finds that the postpetition utility charges subject of the Utility Expense Motion should be paid by the Debtor and the residential unit owners, even though there are significant disputes on other Shared Costs.

3.   The Court finds that the automatic stay applies to any action by the Schecher Group to terminate electricity service to the non-Debtor residential units.  However, the Court finds cause to grant limited stay relief allowing the Schecher Group to terminate electricity service to non-Debtor residential units if (i) within 30 days of receipt of a bill for the unit's allocable share, a residential unit owner does not pay its allocable share of the $93,977.29 in postpetition utility charges detailed in the Utility Expense Motion; and (ii) if the Schecher Group has the

authority under the Declaration of Sixty Sixty Condominium (the "Declaration") to terminate electricity service.

4. The intent of the limited stay relief granted in this Order is to allow the Schecher Group to exercise its rights under the Declaration if residential unit owners do not pay their allocable share of postpetition utility expenses pending the Court's determination of the total amount of Shared Costs that the Schecher Group is entitled to collect.

5. The Court's finding that the automatic stay is applicable to termination of electricity services is limited solely to termination of electricity services and does not amend the Court's Report to State Court on Pending Matters and Collateral Estoppel Effect of Bankruptcy Court Ruling [DE# 232], and specifically its finding that the automatic stay in § 362 does <u>not</u> stay the Schecher Group's continued prosecution of foreclosure cases against the non-Debtor residential unit owners.

###

COPIES TO:

Brett D. Lieberman, Esq.
Steven M. Davis. Esq.
Barry P. Gruher, Esq.
Barry S. Mittelberg, Esq.
David Marshall Brown, Esq.
AUST

**(Attorney Lieberman to serve a copy of this Order on all other interested parties and file a Certificate of Service)**