

**ORDERED in the Southern District of Florida on June 23, 2017.**

                                                                         **Robert A. Mark, Judge**
                                                                  **United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 16-26187-RAM |
| | CHAPTER 11 |
| SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC., | |
| Debtor. | |

**ORDER RESERVING RULING ON RIGHT OF FIRST REFUSAL**

     Following a hearing on June 21, 2017, the Court announced its ruling granting the Debtor's Expedited Motion for Entry of an Order (I) Approving Jason Welt and Trustee Realty, Inc. as Debtor's Real Estate Professional; (II) Approving Proposed Bidding Procedures; (III) Approving Form and Notice Thereof; and (IV) Scheduling Hearing to Consider Approval of "Highest and Best" BID (the "Broker

and Sale Procedures Motion") [DE# 174]. A written Order has not been signed yet. The retained realtor is pursuing a sale of the Debtor's four commercial units and one residential unit as part of a sale contract that will include the purchase of several non-debtor residential units.

If a sale contract ("Sale Contract") is executed by the Debtor and non-Debtor residential unit owners ("RUOs"), the Schecher Group has a right of first refusal ("ROFR") under Article 17.1 of the Declaration of Sixty-Sixty Condominium (the "Declaration").

## The ROFR Dispute

At an initial hearing on the Broker and Sale Procedures Motion on May 2, 2017, the Schecher Group argued that the ROFR allows it to match the price allocated to each individual non-Debtor residential unit included in a Sale Contract. If this interpretation prevails, the Schecher Group will be entitled to purchase one or more individual units even though the units are part of a single Sale Contract. The Debtor argued that the ROFR would apply to the entire Sale Contract. Under the Debtor's interpretation, the Schecher Group would have to buy all of the units subject of the Sale Contract under the same terms and conditions contained in the Sale Contract.

In the Court's scheduling Order emanating from the May 2nd hearing, the Court requested further briefing on the ROFR issue

2

and contemplated ruling on the issue at the June 21st hearing. The Schecher Group's briefing was contained in Schecher Group, Inc.'s Objection to Application to Employ Broker and Approve Bid Procedures and for Enforcement of Hotel Unit Owner's Right of First Refusal Under Declaration (the "Schecher Memo") [DE# 251].  The Debtor's argument is contained in Debtor's Response to Schecher Group, Inc.'s Objection to Application to Employ Broker and Approve Bid Procedures and for Enforcement of Hotel Unit Owner's Right of First Refusal Under Declaration (the "Debtor's Memo") [DE# 260].

## The Debtor's Units are Not Subject to the ROFR

At the June 21st hearing, the Schecher Group noted that the final paragraph of section 17.1 of the Declaration excludes the Debtor's commercial units from the ROFR restrictions and that section 17.5 excludes the sale of the Debtor's residential unit from the ROFR restrictions.  Therefore, under the Declaration, the sale of the Debtor's commercial units and sale of the Debtor's residential unit are <u>not</u> subject to the Schecher Group's ROFR.

Because only non-Debtor residential units are subject to the ROFR, the Schecher Group argues that the ROFR issue must, or should be, decided by a state court.  The Debtor argues that this Court has, and should exercise jurisdiction.  It intends to prove that the Debtor's ability to maximize the value of its units is dependent on a sale of its units together with the non-Debtor units

3

and that a bulk or bundled sale may only be feasible if the Debtor's interpretation of the ROFR is adopted by this Court.

## Partial Ruling on the ROFR Issue

For the reasons stated more fully on the record at the June 21st hearing, the Court is reserving ruling on the proper interpretation of the ROFR until a Sale Contract is executed.  The Court did announce a partial ruling.  If a single Sale Contract includes the Debtor's five units and non-Debtor residential units, the Schecher Group cannot be compelled to buy the Debtor's units. *See Holston Investments, Inc. v. Lanlogistics Corp.*, 664 Fed.Supp.2d 1258, 1263 (S.D. Fla. 2009) (the holder of a right of first refusal cannot be compelled to purchase more property than is subject to the right of first refusal)*rev'd on other grounds*, 677 F.3d 1068, *citing Pantry Pride Enters., Inc. v. Stop & Shop, Inc.*, 806 F.2d 1227, 1229 (4th Cir. 1986).

## The Remaining Issues

Based upon the Court's partial ruling in this Order and its finding that none of the Debtor's units are subject to the ROFR, two issues remain:

First, if a single Sale Contract is executed, may the Schecher Group exercise its ROFR on a unit by unit basis, matching the sale price and closing conditions applicable to each non-Debtor unit <u>or</u> must the Schecher Group buy all of the non-Debtor residential units

4

at the aggregate price allocable to these units? Second, does this Court have jurisdiction and, even if it does, should it exercise jurisdiction to rule on the ROFR issue?  The Court intends to address these issues at the July 13th hearing scheduled in the Order that will be entered on the Broker and Sale Procedures Motion.  Therefore, it is –

**ORDERED** as follows:

1.   Except as provided in the partial ruling of this Order, the Court reserves ruling on the ROFR issues.

2.   The remaining ROFR issues identified in this Order will be considered at the July 13, 2017 hearing scheduled by separate Order.

3.   By **July 6, 2017,** the Debtor and the Schecher Group shall each file a memorandum of law addressing the issues that remain as outlined by this Order. The memoranda shall not exceed 10 (ten) pages in length.

###

COPIES TO:

Brett D. Lieberman, Esq.
Steven M. Davis. Esq.
Barry P. Gruher, Esq.
Barry S. Mittelberg, Esq.
David Marshall Brown, Esq.
AUST

**(Attorney Lieberman to serve a copy of this Order on all other interested parties and file a Certificate of Service)**