UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

SIXTY SIXTY CONDOMINIUM            CASE NO.: 16-26187-RAM
ASSOCIATION, INC.                    Chapter 11

     Debtor.
_____/

MOTION BY SECURED CREDITOR, SCHECHER GROUP, INC. FOR ENTRY
OF ORDER (I) ENFORCING AND COMPELLING COMPLIANCE WITH ORDER
GRANTING APPLICATION FOR ADMINISTRATIVE EXPENSE AND GRANTING
LIMITED STAY RELIEF [D.E. 284]; (II) GRANTING FINAL JUDGMENT AGAINST
RESIDENTIAL UNIT OWNERS FOR FAILURE TO COMPLY WITH UTILITY
EXPENSE ORDER AND FOR SANCTIONS; AND (III) FOR ALLOWANCE AND
PAYMENT BY THE DEBTOR AND RESIDENTIAL UNTI OWNERS OF ADDITIONAL
ADMINISTRATIVE EXPENSES TO THE SCHECHER GROUP FOR SHARED
COSTS RELATED TO UTILITIES FOR THE 6060 BUILDING

(Expedited Hearing Requested)

**For the reasons stated herein, the Schecher Group respectfully requests that the Court set this matter for an expedited hearing on November 1, 2017, at 10:00 a.m., along with other related matters scheduled to be heard in this Bankruptcy Case.**

**SCHECHER GROUP, INC.** ("Schecher Group"), by and through counsel, and pursuant to 11 U.S.C. §§ 105, 503(b)(1)(A) and 507(a)(2), Fed. R. Bankr. P., files this Motion By Secured Creditor, Schecher Group, Inc. For Entry Of Order (I) Enforcing And Compelling Compliance With Order Granting Application For Administrative Expense And Granting Limited Stay Relief [D.E. 284]; (II) Granting Final Judgment Against Residential Unit Owners For Failure To Comply With Utility Expense Order And For Sanctions; And (III) For Allowance And Payment By The Debtor and Residential Unit Owners of Additional Administrative Expenses to the Schecher Group For Shared Costs Related To Utilities For The 6060 Building (the "Motion to Compel") and states, as follows:

**I.     PROCEDURAL BACKGROUND.**

1. By way of brief background, on December 5, 2016 (the "Petition Date"), the Sixty Sixty Condominium Association, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 (the "Petition") of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Case")[ECF No. 1].

2. On May 31, 2017, the Schecher Group filed its Motion And Application By Schecher Group, Inc. For (I) Allowance And Compelling Payment Of Administrative Expense Claim Pursuant To 11 U.S.C. §§ 503(a) & (b)(1)(A) And/Or, Alternatively (II) Relief From The Automatic Stay Pursuant To 11 U.S.C. §362(d) (the "Utility Expense Motion") [D.E. 252] seeking relief, on an expedited basis, for the allowance and payment of certain administrative expense claims for the use of undisputed post-petition utility charges consisting of City of Miami Beach-Water, Atlantic Broadband, Teco-Gas, Mirabito-Gas, FPL and Waste Management (hereinafter, the "Utilities") against the Debtor and Residential Unit Owners which includes the so-called "Collective Unit Owners" (hereinafter, the "RUOs") .

3. On June 23, 2017, the Court entered its Order Granting Application For Administrative Expense And Granting Limited Stay Relief (the "Utility Expense Order")[ECF No. 284] which provides, in pertinent part, as follows:

> "2. The Schecher Group is granted an allowed administrative expense in the amount of $5,535.34, representing the Debtor's allocable share of $93,977.29 in postpetition utility charges paid by the Schecher Group. The total amount of Shared Costs recoverable by the Schecher Group is at issue in Adv. No. 17-1171. <u>The Court finds that the postpetition utility charges subject of the Utility Expense Motion should be paid by the Debtor and the residential unit owners</u>, even though there are significant disputes on other Shared Costs." (emphasis added).

Furthermore, the Utility Expense Order granted the Schecher Group limited stay relief to terminate electricity service to those RUOs that have not paid their allocable share of the Utilities

2

in the amount of $93,977.29 (the "Allocable Share") to the extent authorized by the Declaration.

4. As of the filing of this Motion to Compel, the Debtor has already paid its Allocable Share of the Utilities in accordance with the Utility Expense Order to the Schecher Group. However, the vast majority of RUOs remain delinquent and have simply not paid any portion of their Allocable Share of Utilities.[1]

5. On August 22, 2017, the Court also entered its Final Order Approving Bulk Sale Contract Including 363 Sale of Debtor's Property Free and Clear of Claims, Liens and Interests and Awarding Broker Real Estate Commissions [D.E. 366] (the "Final Order"). Pursuant to ¶(3)(c) thereof, the Court ordered that:

> "Schecher's objection to approval of the MRC Contract based upon failure of RUOs to pay their allocable share of utilities is overruled without prejudice to Schecher seeking enforcement of the Court's June 23, 2017 Order Granting Application for Administrative Expense and Granting Limited Stay Relief [ECF#284]."

6. Not surprising, the RUOs have failed to comply with and continue to violate the Utility Expense Order by, among other things, unreasonably and willfully withholding payment(s) to the Schecher Group of their Allocable Share of the Utilities. For these reasons, among others, the RUOs are also failing to comply with their obligations under ¶34(a) of MRC Contract as approved by the Final Order, which provides that:

> "Sellers will continue to operate the Condominium Property and pay for all

---

[1] The Allocable Share amounts owed by each of the RUOs may be calculated using the percentages attributable to each Unit as set forth in *Exhibit "3" – Allocation of Common Expenses and Ownership of Common Elements and Common Surplus* of the Declaration. Admittedly, at the time of filing of the Utility Expense Motion, the Schecher Group had inadvertently and erroneously calculated the Shared Costs for Utilities under the percentages attributable to payment of the Association's condominium assessments rather than Shared Costs assessed by the Hotel Unit set forth in *Exhibit "7" – Allocation of Hotel Shared Costs* of the Declaration upon which this Motion to Compel is predicated. This error actually benefitted the RUOs and Debtor when determining the formula for the Utilities which was artificially lower than the actual Shared Costs. In any event, the Schecher Group is not seeking to recalculate the amounts as determined in the Utilities Expense Order for purposes of this Motion to Compel and is not otherwise waiving its rights to collect such sums.

3

expenses in a manner similar to its operation prior to the execution of this Contract, including, but not limited to the providing of full replacement costs and liability insurance, <u>management, maintenance and services</u>". (emphasis added).

## II.     GROUNDS FOR RELIEF.

7.      As previously noted, the Schecher Group is vested with certain rights, duties and powers under Sections 12.1, 12.3 & 12.4 of the Declaration, to collect, charge, lien, impose, and foreclose the Debtor, along with the other RUO's, for "the costs incurred by the Hotel Unit Owner in….the repair, replacement, improvement, maintenance, management, operation, ad valorem tax obligations and insurance of the Shared Components".

8.      The term "Shared Components" is broadly defined, in pertinent part, in Section 2.32 of the Declaration, as follows:

> 2.32    "Shared Components". Together, the Improvements constituting the Common Elements, Residential Units, Commercial Units and the Hotel Unit have been, or shall be, constructed as a single structure and operated as an integrated project. Given the integration of the structure of those improvements, and notwithstanding anything to the contrary depicted on the survey/plot plan attached hereto as Exhibit "2", the following components of the improvements (the "Shared Components") shall be deemed part of the Hotel Unit, whether or not graphically depicted as such on said survey/plot plan: any and all structural components of the Improvements, including, without limitation, all exterior block walls and all finishes (glass, paint, stucco etc.) and balconies, terraces and/or facades attached or affixed thereto; the roof; all roof trusses, roof support elements and roofing insulation; <u>all utility, mechanical, electrical, telephonic, telecommunications, plumbing Life Safety Systems and other systems, including, without limitation, all wires, conduits, pipes, ducts, transformers, cables and other apparatus used in the delivery of the utility, mechanical, telephonic telecommunications, electrical, plumbing Life Safety Systems and/or other systems; all heating, ventilating and air conditioning systems, including, without limitation, compressors, air handlers, ducts, chillers, water towers and other apparatus used in the delivery of HVAC services…..</u>".

*See, Notice of Declaration [EFC No. 138], Section 2.32, Exhibit "2".*

9.      Pursuant to Section 12.3(a) of the Declaration, all "Shared Costs" for the Shared Components shall be paid to the Schecher Group, as the Hotel Unit Owner, by each "Owner of any Residential Unit and/or Commercial Unit," which Shared Costs are attributable to 100% of such Unit Owners (excluding the HUO)(the "<u>Non-Hotel Units Allocated Share</u>"), in accordance

4

with the covenants and agreements of the Debtor and RUOs.

10. The Schecher Group has calculated that the following amounts are now due from Debtor and RUOs for payment of additional post-petition Utilities in accordance with the Declaration, Exhibit "7"- Allocation of Hotel Shared Costs for Utilities. In summary, the *Utilities Allocable Shared Costs Chart* attached hereto as **Exhibit "A"** reflects charges incurred by the Schecher Group for Utilities during the period of June, 2017 through October, 2017 for the 6060 Building totals $137,732.57.[2]

11. Currently, the amounts due to the Schecher Group from the Association for the Commercial Units (CU-1, CU-2, CU-3 and CU-4) is $21,452.45 and for the RU 505 in the amount of $1,415.20, for a total of $22,867.65 (the "Association Allocable Utilities Share"), which shall be paid as an administrative expense claim pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2), Fed. R. Bankr. P. and prior Court orders.

12. The remaining balance of the Utilities set forth in the Utilities Allocable Shared Costs Chart shall be due and payable by the RUOs. However, there is no indication that any of the Utilities will be paid by the RUOs, although counsel for Schecher Group and Debtor have been attempting to resolve the Association Allocable Utilities Share.

13. In this regard, on August 7, 2017, in the Adversary Case, the Court entered its Order Referring Proceeding to Judge Hyman to Conduct a Judicial Settlement Conference (the "Settlement Conference Order")[Adv. D.E. 44] pursuant to which the Schecher Group, Debtor, MRC and RUOs (hereinafter, the "Parties") were to conduct a Judicial Settlement Conference (the "Settlement Conference").

---

[2] The line item expense for the City of Miami Beach –Water for October, 2017, has been estimated based upon the average use of this utility since, as of the filing of this Motion to Compel, the Schecher Group has not received a billing statement. However, the Schecher Group shall adjust the Utilities Allocable Shared Costs Chart as necessary.

14. On September 15, 2017, in accordance with the Settlement Conference Order, the Parties, along with their respective counsel, attended the Settlement Conference, which was conducted by the Honorable Paul G. Hyman, at the Bankruptcy Court of the West Palm Division.

15. On September 22, 2017, Judge Hyman filed the Report of Mediator (the "Report") [M.C. D.E. 376], advising that the parties "settled all issues." Despite the confusion caused by the filing of the Report, the Parties simply did not reach a settlement of all issues between them during the Settlement Conference.

16. Indeed, as of the filing of this Motion to Compel, the Parties have not signed any settlement agreement and have reached an impasse. The reasons for the breakdown in the negotiations are attributable to many factors none of which were caused by the Schecher Group, which is not even a party to the MRC Contract.

17. Accordingly, on September 29, 2017, to avoid wasting any further judicial resources and misunderstandings concerning the clear and unequivocal position of the Schecher Group regarding the results of the Settlement Conference, the Schecher Group advised Judge Hyman and counsel for the Parties that it was withdrawing all pending offers since all material terms and conditions for any global settlement were not accepted up to that point and, further, declared a formal impasse on behalf of the Schecher Group. However, the Schecher Group encouraged the remaining Parties to continue their efforts to resolve any issues as between them.

18. More recently, the Schecher Group has learned through discovery in the state court foreclosures, and upon information and belief, the existence of an undisclosed entity known as Sound & Real Property, Inc. (S&RP, Inc.), a Florida corporation (the "Company"). Coincidently, the Company was formed within just a few weeks of the Petition Date by an individual named, Mr. S. E. ("Henry") Velez-Giraldo, whom the Schecher Group understands

sits on the Board of the Association and is a relative of Ms. Velez.

19. Seemingly, through a document entitled "By-Laws with Sixty Sixty Condo Residential Unit Owners" and perhaps other documents, the Company and a number of RUOs – and/or Collective Unit Owners – agreed that the Company would have some authority and control over the defenses raised in the foreclosure actions and settling claims that were apparently being negotiated during in the Settlement Conference.

20. As such, pursuant to Rule 17(a), Fed. R. Civ. P., the Schecher Group has a good faith belief that the Company may be a real party-in-interest, either jointly with or separately from, the Collective Unit Owners in the main Bankruptcy Case and Adversary Case.[3] This scenario may explain why by the RUOs are not complying with the Utility Expense Order.

21. Meanwhile, on October 9, 2017, the Schecher Group fully cooperated with the inspection of the Units and the Shared Components at the 6060 Building by MRC consistent with the Final Order during the Due Diligence Period which expires on October 22, 2017. Without the Utilities being operational at the time, the inspections may not have been successful. And, even if the Buyer, MRC, decides to accept the MRC Contract and close on the Real Property, the Utilities still need to be paid up through closing which can still take months.

22. Presently, the Schecher Group anticipates that no matter what efforts it undertakes to compel compliance by the RUOs with the Utility Expense Order and any relief resulting from this Motion to Compel to pay additional Utilities, including, without limitation, seeking the issuance of an order to show cause why the RUOs should not be held in contempt for willfully violating this Court's order, will have no impact on the non-compliant RUOs that have already

---

[3] To be fair, undersigned counsel for the Schecher Group has communicated on several occasions with Ms. Garcia, counsel for the Collective Unit Owners, requesting additional information and involvement of the Company with the RUOs and is continuing to investigate these matters. However, there are many questions that remain unanswered.

submitted themselves to the jurisdiction of the Bankruptcy Court under the Final Order.

23. Instead, the Schecher Group respectfully requests that the Bankruptcy Court enter separate "Final Judgments" – for which execution shall issue forthwith – against each of RUO who has failed and continue to purposefully withhold payment of all amounts so ordered under the Utility Expense Order and according to the Utilities Allocable Shared Costs Chart.

24. This Court has the inherent authority under 11 U.S.C. §105 to enforce Utility Expense Order and award sanctions in favor of the Schecher Group against the RUOs who are not in compliance thereof and grant the Motion to Compel. See, *In re Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991); *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F. 3d 1215, 1224 (3rd Cir. 1995).

25. In the event the Court grants the motion, and enters judgment on the amounts due for the Utilities, plus an award of reasonable attorney's fees and costs as sanctions for prosecuting this motion, the Schecher Group can proceed with post-judgment collections under existing Florida state law in aid of execution, and consistent with the Bankruptcy Court's prior rulings that the automatic stay under 11 U.S.C. §362 does not apply to the RUOs. Moreover, judicial resources and unnecessary attorney's fees can be spared from having to hold subsequent contempt proceedings.

26. The undersigned counsel certifies that a good faith effort to resolve the issues raised in this Motion to Compel will be made with counsel for the Debtor and RUOs prior to any scheduled hearing in this matter.

### III. RELIEF REQUESTED.

**WHEREFORE**, the Secured Creditor, Schecher Group, Inc. respectfully requests that the Court enter an Order (i) granting the Motion to Compel; (ii) for allowance and payment by

the Debtor for the Association Allocable Utilities Share as an administrative expense claim pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2); (iii) entering Final Judgment for which execution shall issue forthwith against each of the non-compliant RUOs who have failed and continue to purposefully withhold payment of all amounts ordered under the Utility Expense Order and according to the Utilities Allocable Shared Costs Chart; (iv) awarding the Schecher Group its attorney's fees and costs as sanctions for prosecuting this Motion to Compel under 11 U.S.C. §105; and (iv) for such other and further relief as the Court deems just and appropriate.

**Respectfully submitted this 17th day of October, 2017.**

**BECKER & POLIAKOFF, P.A.**
*Attorneys for Schecher Group, Inc. and Casablanca Rental Services, Inc.*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
(305) 262-4433 Telephone
E-mail: Sdavis@bplegal.com

By: /s/ Steven M. Davis
Steven M. Davis
Florida Bar # 894249

**GENOVESE, JOBLOVE & BATTISTA, P.A.**
*Co-Counsel for Schecher Group, Inc.*
100 S.E. 2nd Street, Suite 4400
Miami, FL 33131
Tel: (305) 349-2300
Fax: (305) 349-2310

By:  /s/ Barry P. Gruher
    Barry P. Gruher, Esq.
    Fla. Bar No. 960993
    Email: bgruher@gjb-law.com

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties via CM/ECF notification on this 17th day of October, 2017.

                                               By: /s/ Barry P. Gruher
                                                           Barry P. Gruher, Esq.
                                                           Fla. Bar No. 960993
                                                           Email: bgruher@gjb-law.com

# EXHIBIT "A"

## UTILITIES ALLOCABLE SHARED COSTS CHART

| Utility | Jun-17 | Jul-17 | Aug-17 | Sep-17 | Oct-17 | Totals | |
|---|---|---|---|---|---|---|---|
| City of Miami Beach- Water | $6,887.79 | $10,359.42 | $13,803.28 | $11,628.38 | **$10,600.00** | $53,278.87 | |
| Atlantic Broadband-Bulk account | $1,089.17 | $983.73 | $1,094.07 | $8,174.58 | $6,500.90 | $17,842.45 | |
| Teco-GAS | $498.29 | $414.98 | $361.91 | $410.32 | $507.98 | $ 2,193.48 | |
| Mirabito-GAS | $630.79 | $583.70 | $480.34 | $539.83 | $691.62 | $ 2,926.28 | |
| FPL- POWER | $10,301.99 | $11,397.62 | $10,062.80 | $10,390.76 | $9,826.97 | $51,980.14 | |
| Waste Management | $2,606.77 | $2,117.03 | $1,200.65 | $1,866.66 | $1,720.24 | $ 9,511.35 | |
| | | | | | | Totals | $ 137,732.57 |

| Commercial & Residential Units | Percentages | allocable share per owner | Exhibit "7" |
|---|---|---|---|
| C-1 | 5.92% | $8,154.18 | |
| C-2 | 5.22% | $7,189.36 | |
| C-3 | 2.39% | $3,291.95 | |
| C-4 | 2.05% | $2,816.96 | |
| 501 | 1.04% | $1,437.93 | |
| 502 | 1.04% | $1,437.93 | |
| 503 | 1.00% | $1,377.33 | |
| 504 | 0.85% | $1,164.12 | |
| 505 | 1.03% | $1,415.20 | |
| 506 | 1.00% | $1,377.33 | |
| 507 | 1.00% | $1,377.33 | |
| 508 | 1.05% | $1,439.44 | |
| 601 | 1.04% | $1,437.93 | |
| 602 | 1.04% | $1,437.93 | |
| 603 | 1.00% | $1,377.33 | |
| 604 | 0.85% | $1,165.49 | |
| 605 | 1.03% | $1,415.20 | |
| 606 | 1.00% | $1,377.33 | |
| 607 | 1.00% | $1,377.33 | |
| 608 | 1.05% | $1,441.65 | |
| 701 | 1.04% | $1,437.93 | |
| 702 | 1.04% | $1,437.93 | |
| 703 | 1.00% | $1,377.33 | |
| 704 | 0.85% | $1,165.49 | |
| 705 | 1.03% | $1,415.20 | |
| 706 | 1.00% | $1,377.33 | |
| 707 | 1.00% | $1,377.33 | |
| 708 | 1.07% | $1,469.61 | |
| 801 | 1.04% | $1,437.93 | |
| 802 | 1.04% | $1,437.93 | |

| | | |
|---|---:|---:|
| 803 | 1.00% | $1,377.33 |
| 804 | 0.85% | $1,165.49 |
| 805 | 1.03% | $1,415.20 |
| 806 | 1.00% | $1,377.33 |
| 807 | 1.00% | $1,377.33 |
| 808 | 1.05% | $1,441.65 |
| 901 | 1.04% | $1,437.93 |
| 902 | 1.04% | $1,437.93 |
| 903 | 1.00% | $1,377.33 |
| 904 | 0.85% | $1,166.18 |
| 905 | 1.03% | $1,415.20 |
| 906 | 1.00% | $1,377.33 |
| 907 | 1.00% | $1,377.33 |
| 908 | 1.05% | $1,444.40 |
| 1001 | 1.04% | $1,437.93 |
| 1002 | 1.04% | $1,437.93 |
| 1003 | 1.00% | $1,377.33 |
| 1004 | 0.85% | $1,168.25 |
| 1005 | 1.03% | $1,415.20 |
| 1006 | 1.00% | $1,377.33 |
| 1007 | 1.00% | $1,377.33 |
| 1008 | 1.05% | $1,441.65 |
| 1101 | 1.04% | $1,437.93 |
| 1102 | 1.04% | $1,437.93 |
| 1103 | 1.00% | $1,377.33 |
| 1104 | 0.85% | $1,165.49 |
| 1105 | 1.03% | $1,415.20 |
| 1106 | 1.00% | $1,377.33 |
| 1107 | 1.00% | $1,377.33 |
| 1108 | 1.05% | $1,444.40 |
| 1201 | 1.04% | $1,437.93 |
| 1202 | 1.04% | $1,437.93 |
| 1203 | 1.00% | $1,377.33 |
| 1204 | 0.85% | $1,168.94 |
| 1205 | 1.03% | $1,415.20 |
| 1206 | 1.00% | $1,377.33 |
| 1207 | 1.00% | $1,377.33 |
| 1208 | 1.05% | $1,441.65 |
| 1401 | 1.04% | $1,437.93 |
| 1402 | 1.04% | $1,437.93 |
| 1403 | 2.02% | $2,781.23 |
| 1405 | 1.03% | $1,415.20 |
| 1406 | 1.00% | $1,377.33 |
| 1407 | 1.00% | $1,377.33 |
| 1408 | 1.05% | $1,440.27 |
| 1501 | 1.04% | $1,437.93 |
| 1502 | 1.04% | $1,437.93 |
| 1503 | 2.02% | $2,781.37 |

| | | |
|---|---:|---:|
| 1505 | 1.03% | $1,415.06 |
| 1506 | 1.00% | $1,377.33 |
| 1507 | 1.00% | $1,377.33 |
| 1508 | 1.05% | $1,444.26 |
| 1605 | 0.96% | $1,319.48 |
| 1606 | 1.01% | $1,386.55 |
| 1607 | 0.97% | $1,331.05 |
| 1608 | 1.04% | $1,426.44 |
| HU | 0.00% | $0.00 |
| | **Total** | **$137,732.57** |