

**ORDERED in the Southern District of Florida on December 11, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Sixty Sixty Condominium Association, Inc.,           Case No. 16-26187-RAM

    Debtor-in-Possession.                                            Chapter 11
_____/

**FINAL ORDER APPROVING BULK SALE CONTRACT
INCLUDING 363 SALE OF DEBTOR'S PROPERTY
FREE AND CLEAR OF CLAIMS, LIENS AND INTERESTS
AND AWARDING BROKER REAL ESTATE COMMISSION**

The Court conducted hearings on November 28, 29 and 30 and December 6 and 8, 2017 (the "Sale Hearings"), on the *Debtor's Motion for Entry of an Order Authorizing Sale of Debtor's Real Property Located at 6060 Indian Creek Drive, Miami, Florida 33140 to Kingfisher Island, Inc. and Payment of Costs Associated Therewith* (ECF No. 432) (the "Sale Motion"). The Court has considered the entire record in this case, has previously approved, among other things: (a) the sale process; and (b) prior compensation model for Debtor's broker, Jason Welt and Trustee Realty, Inc. (together, "Broker"), and has previously determined (a) that this Court has jurisdiction

to determine the issues related to the ROFR (as defined in ECF No. 285); and (b) other issues related to the ROFR in this case (*see* ECF Nos. 285, 333 and 349).

At the conclusion of the Sale Hearings, on December 8, 2017, the Court entered detailed findings and conclusions on the record. Those findings and conclusions are incorporated here by reference and supplemented by additional findings and conclusions in this Order. The Court finds as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested in the Sale Motion is 11 U.S.C. §§ 363(b).

B. Due and adequate notice has been given to all parties-in-interest and no further or other notice is required.

C. Kingfisher Island, Inc. ("KFI" or the "Buyer")[1] is a purchaser in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to all of the protections of Section 363(m) of the Bankruptcy Code with respect to its purchase of the Debtor's Commercial Units and Residential Unit 505 (the "Real Property").[2]

D. The Debtor's request that this Court enter an order authorizing the sale of the Real Property on the terms provided in that certain November 1, 2017 *Contract for Purchase and Sale* between the Debtor and other non-debtor sellers of units within the Condominium and the Buyer

---

[1] All capitalized terms not defined herein shall have the same definition as ascribed to them in the Sale Motion as applicable.

[2] Those certain condominium units: CU-1, CU-2, CU-3, CU-4 and 505, located within the condominium building with an address of 6060 Indian Creek Drive, Miami Beach, Florida.

(the "KFI Contract"), a copy of which was attached to the Sale Motion, is a proper exercise of the Debtor's board of directors' business judgment.

  E. The Debtor's request that this Court enter an order authorizing the Debtor to take any and all steps necessary to effectuate the sale contemplated by the KFI Contract is a proper exercise of the Debtor's board of directors' business judgment.

  F. The Debtor's decision to pay the Broker its commission, as modified by the KFI Contract, is a proper exercise of the Debtor's board of directors' business judgment.

  G. There is a sound business reason for the Debtor to enter into the KFI Contract.

  H. The KFI Contract was negotiated and entered into in good faith, based upon arms' length negotiations and without collusion. With respect to the Real Property, the Buyer, the Debtor, and the non-debtor sellers have not engaged in any conduct that would prevent the application of Section 363(m) of the Bankruptcy Code or cause the application of Section 363(n) of the Bankruptcy Code to the KFI Contract.

  I. The proposed sale of the Real Property at the price negotiated in the KFI Contract is fair and reasonable and in the best interests of the Debtor and all of its creditors.

  J. The Debtor had the authority to request the entry of an order authorizing the sale of the Real Property on the terms as provided in the KFI Contract. The Debtor has the authority to execute all documents necessary to consummate a sale of the Real Property subject to applicable state law and the Declaration.

  K. The consummation by the Debtor of the sale of the Real Property will not constitute a violation of any law, regulation or ordinance under which the Debtor is bound. No consents or approvals are required by Debtor to consummate the transactions contemplated by this Order except that the Debtor must comply with the terms of the KFI Contract and the Declaration.

L.   The Buyer is not assuming any of the debts, liabilities or obligations of the Debtor.

M.   All claims, liens and encumbrances as against the Real Property shall be satisfied in connection with a closing under the KFI Contract.

N.   By virtue of the execution of the KFI Contract by non-debtor seller RUOs and submission of such non-debtor RUOs to the jurisdiction of this Court, this Court finds that presentation of the KFI Contract executed by the non-debtor seller RUOs is satisfied under the Declaration by presentation of the fully executed KFI Contract containing the signature pages of such executed KFI Contract by Ms. Garcia to Schecher or its counsel of record in this case.

O.   **The proposed sale to Buyer of the Real Property is AS IS WHERE IS WITH ALL FAULTS AND NO WARRANTIES OF ANY KIND except as specifically provided in the KFI Contract.**

Based upon the foregoing findings of fact and conclusions of law, and for the additional reasons placed on the record in the Court's December 8, 2017 bench ruling, it is

**ORDERED as follows:**

1.   The Sale Motion is GRANTED in its entirety including the Broker's commission as modified by the KFI Contract.

2.   The KFI Contract is APPROVED in its entirety as the highest and best offer, subject to the provisions of this Order and upon confirmation of a Chapter 11 Plan of Reorganization of the Debtor.

3.   The Objection is Overruled except, as follows:

   a. The Buyer shall indemnify, defend, and hold Schecher harmless from and against all claims, costs, expenses, and liabilities arising out of Buyer's entry upon the HU and/or the performance of the tests and investigations conducted by Buyer on the

      HU during and in connection with the Due Diligence Period under the KFI Contract.

   b. Schecher shall allow reasonable access to the Buyer to conduct reasonable, non-evasive, non-soil boring tests and investigations, and excluding any Phase I and II Environmental Studies on the Hotel Unit, relating only to the Real Property and the Residential non-debtor sellers' units (collectively, the "Units") as if the Buyer had all of the rights of access of the Debtor and the non-debtor seller RUOs.

  4. The sale of the Real Property to the Buyer in accordance with the Sale Motion and terms described herein is approved pursuant to Sections 363(b), (f), and (m) of the Bankruptcy Code.

  5. The Debtor is authorized to take any and all action necessary to consummate the sale of the Association's Units pursuant to the KFI Contract.

  6. Pursuant to Section 363(f) of the Bankruptcy Code, and upon confirmation of a Chapter 11 Plan of Reorganization of the Debtor, the sale of the Real Property pursuant to the Sale Motion and this Order shall be free and clear of any and all liens, claims and encumbrances with such uncontested claims and liens to be paid in connection with closing of the sale.

  7. Effective as of the closing in conjunction with a confirmed Chapter 11 Plan of Reorganization of the Debtor, the sale of the Real Property by the Debtor to the Buyer shall constitute a legal, valid and effective transfer of the Real Property, notwithstanding any requirement or approval or consent by any person or entity, except for the approval of such sale under the Declaration, and shall vest the Buyer with all right, title and interest in and to the Real Property, free and clear of any and all liens, claims and encumbrances. The Buyer shall not be

liable or obligated for any liabilities or obligations relating to the Real Property incurred prior to the petition date.

8. As to the Real Property, the transactions contemplated by this Order are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale authorized herein shall not affect the validity of such sale (including the assumption and assignment of the executory contracts and unexpired leases, as applicable), unless such authorization is duly stayed pending such appeal.

9. The Buyer's consideration on account of the Real Property in the amount of $1,090,000: (i) is fair and reasonable; (ii) may not be avoided under Section 363(n) of the Bankruptcy Code or other applicable law; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, Uniform Fraudulent Transfer Act, and any similar laws of any state whose law is applicable to the Real Property.

10. The Broker's Modified Compensation in the amount of $50,000 is fair and reasonable. The Broker shall be paid $50,000 from the proceeds allocable to the Debtor. The Broker Commission shall not be deemed earned and shall not be paid until there is a successful closing.

11. The Buyer is not a successor to the Debtor or its estate by reason of any theory of law or equity and the Buyer shall not assume or in any way be responsible for any liability or obligation of the Debtor or its estate (whether direct or indirect, liquidated or unliquidated, choate or inchoate, or contingent or fixed).

12. The Debtor is authorized, empowered, and directed to enter into and to perform its obligations under this Order, and the Debtor is authorized and directed to execute and perform such agreements or documents or take such other actions as are necessary or desirable to effectuate the terms of this Order and close on the sale of the Real Property.

13. This Order is binding upon and governs the acts of all persons or entities, including, without limitation, all filing agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law to accept, file, register or otherwise record or release any documents or instruments.  Each and every federal, state and local governmental agency, department or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

14. The Buyer is authorized to file, register or otherwise record a certified copy of this Order.

15. The Debtor is authorized and empowered to take all actions and execute and deliver any and all documents and instruments on behalf of the Debtor that are necessary or appropriate to implement and effectuate the terms of this Order, including without limitation, the deed, bills of sale, assignments, releases, affidavits and similar documents required of the Debtor pursuant to the KFI Contract and this Order.

16. Any portion of the Sale Motion, KFI Contract, and any related agreements may be waived, modified, amended or supplemented by written agreement of the Debtor and Buyer, to the extent the agreement of such party is necessary, without further action of the Court; and provided that any such waiver, modification, amendment or supplement is not materially adverse to the Debtor or any of its creditors and substantially conforms to and effectuates this Order.

17. The failure to specifically include any particular provision of the Sale Motion and its exhibits shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor and the Buyer that the sale of the Real Property, and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order before the closing.

18. **The proposed sale to Buyer of the Real Property is AS IS WHERE IS WITH ALL FAULTS AND NO WARRANTIES OF ANY KIND except those provided under the KFI Contract.**

19. This Order shall be effective immediately upon its entry for purposes of the Commencement Date and Due Diligence Period under the KFI Contract; provided however, in accordance with Federal Rule of Bankruptcy Procedure 6004(h), this Order shall be stayed in all other respects until the expiration of 14 days after entry of this Order.

20. This Court reserves jurisdiction to enforce this Order and any breach thereof.

# # #

Copies furnished to:
Brett D. Lieberman, Esq.
Steven M. Davis, Esq.
Barry P. Gruher, Esq.
Magda Abdo Gomez, Esq.
David Marshall Brown, Esq.
Inger M. Garcia, Esq.
Ken Taninaka, Esq.

(Brett D. Lieberman, Esq. is directed to serve a copy of this conformed order on all interested parties and to file a certificate of service with the Court.)