UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium           Case No. 16-26187-RAM
Association, Inc.

    Debtor-in-Possession.                       Chapter 11

_____/

## EXIGENT APPLICATION TO EMPLOY MARK R. GERSTLE AND GERSTLE, ROSEN & GOLDENBERG, P.A. AS DEBTOR'S EXPERT *NUNC PRO TUNC*

Sixty Sixty Condominium Association, Inc., the Chapter 11 debtor and debtor-in-possession herein (the "Debtor" or the "Association"), respectfully requests the entry of an Order authorizing the employment of Mark R. Gerstle ("Expert") and the accounting firm of Gerstle, Rosen & Goldenberg, P.A. to act as its accounting expert *nunc pro tunc* to November 15, 2017 (the "Application"). In further support of this Application, the Debtor respectfully represents as follows:

### Jurisdiction

1. On December 5, 2016 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (M) & (O).

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327 and 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

**Brief Background**

1. On December 5, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the above captioned main bankruptcy case. ECF #1.

2. On April 27, 2017, Debtor filed the *Complaint to Determine Validity, Priority, and Extent of Liens, Setoff, Objection to Claim & Request for Declaratory Judgment* (the "Complaint") commencing an adversary proceeding against the Schecher Group, Inc. ("Schecher"), Adversary Proceeding Case No. 17-01171-RAM (the "Adversary" or "AP").

3. In light of, among other things, related foreclosure trials scheduled for February 20, 2018, the Debtor requested that the Court schedule an expeditious resolution of the Adversary Proceeding. AP ECF #98.

4. In opposition, Schecher sought a prolonged schedule claiming that it required at least 45 depositions to prepare for trial. *See Notice of Filing Defendant, Schecher Group, Inc.'s Proposed Pretrial Deadlines and Trial Dates* (suggesting a May 17, 2018 trial date) and *Defendant, Schecher Group, Inc.'s Corrected Discovery Report*, AP ECF #121.[1]

5. Schecher also explains that it requires a deposition of Debtor's expert in order to prepare for the Adversary. *See* ECF #121 at ¶8.

6. On December 20, 2017, this Court entered an order setting, among other deadlines, a deadline to file motions for summary judgment in the Adversary on January 12, 2018.

7. Debtor respectfully requests that it ought to be allowed to employ the Expert immediately.

---

[1] Schecher did not take depositions of any unit owners in connection with the foreclosure proceedings.

2

**Relief Requested**

8.    11 U.S.C. § 327(a) authorizes "a trustee, with court approval, to employ one or more attorneys, accountants, appraisers, auctioneers or other professionals persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in a carrying out the trustee's duties."

9.    The Debtor has the powers of a trustee under 11 U.S.C. § 1107.

10.    The Debtor desires to employ the Expert to provide witness and litigation support services including:

> A.    To review the claims of Schecher and any expert report associated therewith ("Schecher's Expert Report");
> B.    To prepare a response to Schecher's Expert Report;
> C.    To attend a deposition and provide testimony in connection with same;
> D.    To review the Debtor's books and records regarding its claims against Schecher and to testify in connection with same (the "Engagement").

11.    The Expert estimates that the costs of the Engagement will be approximately $10,000 - $15,000. Expert requested a $2,000 retainer which is presently being held in trust by the Expert pending this Court's approval of the Application.

12.    The Expert's hourly rates are $350 for partners, $185 for managers, $175 for supervisors, $150 for senior accountants and $125 for staff accountants.

13.    Attached to this Application as Exhibit "A" is the *Declaration of Mark R. Gerstle Proposed Accountant for the Debtor-in-Possession* (the "Declaration"), demonstrating that the Expert and its agents and employees are disinterested as required by 11 U.S.C. §327(a) and a verified statement required under Bankruptcy Rule 2014.

14.    Except as identified in the Declaration, to the best of the Debtor's knowledge the Expert and its employees and agents do not hold or represent any interest adverse to the estate and the Debtor believes that employment would be in the best interest of its estate. Expert

3

has previously qualified as an expert and provided testified with respect to similar matters in the related foreclosure cases.

15.     The Debtor believes that the Expert has is qualified including extensive experience in condominium accounting practices. Moreover, in that the Expert has prior experience with the Sixty Sixty Condominium, Debtor believes that Expert is best poised to develop an opinion and prepare a report on an expedited timeline.

Wherefore, the Debtor respectfully requests an order authorizing the retention of the Expert as its expert *nunc pro tunc* to November 15, 2017, and for any further and additional relief as this court deems necessary or appropriate.

Respectfully submitted this 22nd day of December, 2017.

>MESSANA, PA
>*Counsel for the Debtor*
>401 East Las Olas Boulevard, Suite 1400
>Fort Lauderdale, FL 33301
>Telephone: (954) 712-7400
>Facsimile: (954) 712-7401
>Email: blieberman@messana-law.com
>
>/s/ Brett D. Lieberman
>Thomas M. Messana
>Florida Bar No. 991422
>Brett D. Lieberman
>Florida Bar No. 69583

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Sixty Sixty Condominium  Case No. 16-26187-RAM
Association, Inc.
    Debtor-in-Possession.  Chapter 11
_____/

**DECLARATION OF MARK R. GERSTLE PROPOSED**
**EXPERT FOR THE DEBTOR-ON-POSSESSION**

I, Mark R. Gerstle, declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner at the firm of Gerstle, Rosen & Goldenberg, P.A. (the "Firm"). Our offices are located at Gerstle, Rosen & Goldenberg, P.A. 2630 NE 203 Street, Ste 104, Aventura, Fl 33180.

2. I am familiar with the matters set forth herein and make this Declaration in support of the Debtor's *Application to Employ Mark R. Gerstle and Gerstle, Rosen & Goldenberg, P.A. as Debtor's Expert* (the "Application") as expert accountants to the Sixty Sixty Condominium Association, Inc. (the "Debtor").

3. Neither I nor the Firm hold or represent any interest adverse to the Debtor's estate, and we are disinterested within the meaning of 11 U.S.C. § 327(a). We have not represented any of the Debtor's creditors in any related or unrelated matters except that (i) the Firm has provided accounting services for Aventura Beach Club Condominium Association and, upon information and belief, Mr. Schecher serves or previously served on the board of directors of such association.; and (ii) in connection with a series of foreclosure cases brought by Schecher Group, Inc. against certain owners of residential units within the Sixty Sixty Condominium pending before the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, I was engaged by said unit owners and provided expert testimony in such foreclosure cases.

5

15.     The Firm has requested a $2,000 retainer which the Firm presently holds in trust. The Debtor will be billed at the Firm's ordinary scheduled rates as follows: The Expert's hourly rates are $350 for partners, $185 for managers, $175 for supervisors, $150 for senior accountants and $125 for staff accountants.

4.      The Firm will file fee applications with the Court as in the case of any other Section 327 professional.

5.      As required by Rule 2014 of the Federal Rules of Bankruptcy Procedure, neither I nor the Firm have any connection with the Debtor, creditors, or any person employed in the Office of the U.S. Trustee except as disclosed herin.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2017.

Mark R. Gerstle