**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:
Sixty Sixty Condominium Association, Inc.  Case No. 16-26187-RAM

    Debtor-in-Possession.  Chapter 11
_____/

### *EMERGENCY* DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING MODIFICATION TO SALE CONTRACT

Sixty Sixty Condominium Association, Inc., the Chapter 11 debtor and debtor-in-possession herein (the "Debtor"), by and through undersigned counsel, pursuant to Sections §§ 327, 330, 331, 363(b), 363 (f), 365 and 1123(b) of the United States Bankruptcy Code and Rules 2002(a)(2), 2002(c)(1), 2014 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rule 6005-1 of the Local Rules, this Court's December 1, 2017, *Final Order Approving Bulk Sale Contract Including 363 Sale of Debtor's Property Free and Clear of Claims, Liens and Interests and Awarding Broker Real Estate Commission* (ECF #469) (the "Final Sale Order"), this Court's *Order Abating Proceeding and Setting Deadline and Hearing on Motion to Approve Modified Sale Contract* (ECF #497), and in response to the *Defendant, Schecher Group, Inc.'s Expedited Motion to Stay and/or Continue Shard Cost Adversary Trial and Pre-Trial Deadlines Pending State Court Foreclosure Sales* (AP[1] ECF #172) (the "Motion to Stay") filed by the Schecher Group, Inc. ("Schecher"), and files this *Emergency Debtor's Motion for Entry of an Order Authorizing Modification to Sale Contract* (the "Modification Motion") seeking to modify that certain sale contract (the "Contract")[2] previously approved by this Court's Final Sale Order, and in support thereof states as follows:

---

[1] Adversary proceeding case number: Adv. No. 17-01171-RAM, pending before this Court (the "Adversary Proceeding" or "AP").

[2] Attached as Exhibit "A" to the *Debtor's Motion for Entry of an Order Authorizing Sale of Debtor's Real Property Located at 6060 Indian Creek Drive, Miami, Florida 33140 to Kingfisher Island, Inc. and Payment of Costs Associated Therewith* (ECF #432) (the "KFI Sale Motion").

## I.     PRELIMINARY STATEMENT

On February 23, 2018, Schecher filed its Motion to Stay the Adversary Proceeding. The Motion to Stay argued that the bulk sale could not succeed unless the closing occurred before the April 5, 2018 scheduled foreclosure sales of approximately 31 residential units.

The buyer, Kingfisher Island, Inc. ("KFI") has agreed to close on the bulk sale prior to April 5, 2018.

In order to do so, certain provisions of the Contract must be waived by KFI to allow for an early closing. Debtor respectfully requests that this Court approve the waivers provided herein (the "Waivers").

From the perspective of the Debtor and its creditors, the Waivers are all favorable. Approving this motion will provide more certainty for a sale that would create over a million dollars of sale proceeds to the Debtor with a closing on or before April 5, 2018. The Waivers do not alter any state court rights of any of the parties.

Accordingly, all constituencies ought to support the Waivers and this Modification Motion.

## II.     JURISDICTION AND BACKGROUND

1.     This Court has jurisdiction to consider the Modification Motion pursuant to 28 U.S.C. §§ 157 and 1334. *See also Order Interpreting Right of First Refusal* (ECF #349). This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (M), (N) and (O).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1404 and 1409.

3.     The statutory basis for the relief requested herein is 11 U.S.C. §§ 363(b) and (f).

4.     In the interest of brevity, the Debtor hereby adopts the Jurisdiction and Background section of its April 7, 2017, *Debtor's Expedited Motion for Entry of an Order: (I)*

*Approving Jason Welt and Trustee Realty, Inc. as Debtor's Real Estate Professional; (ii) Approving Proposed Bidding Procedures; (iii) Approving Form and Notice Thereof; and (iv) Scheduling Hearing to Consider Approval Of "Highest And Best" Bid* (ECF #174) (the "Original Sale Motion"), as supplemented and restated in its KFI Sale Motion, and as supplemented and restated herein.[3]

5. On December 5, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (ECF #1).

6. The April 7, 2017 Original Sale Motion sought, among other things, authority to engage the Broker, conduct a bid process, and set a hearing to approve a bulk sale contract.

7. On April 27, 2017, Debtor commenced the Adversary Proceeding by filing its *Complaint to Determine Validity, Priority and Extent of Liens, Setoff, Objection to Claim & Request for Declaratory Judgment* (the "Complaint") (AP ECF #1) Schecher.

8. On November 10, 2017, Debtor filed its KFI Sale Motion upon completion of a bid process approved by this Court. *See* ECF #427).

9. The KFI Sale Motion sought approval of the Contract.

10. At the time of filing, it was anticipated that the Adversary Proceeding would conclude (and Schecher's claim determined) in advance of the Closing.

11. The Contract specifically provides, "this transaction shall be close[d] on or before the later of <u>January 31, 2018; or within thirty (30) days of the final adjudication of the Schecher Claim Amount (the "Closing")</u>" (the "Closing Condition"). Contract at ¶11.

12. The Contract also provides, among others, the following key terms:

---

[3] Unless otherwise defined herein, all capitalized terms employed herein shall have the same meaning as ascribed to them in the Original Sale Motion and KFI Sale Motion, as appropriate.

a. <u>Price</u>. The "*Purchase Price*" for the Condominium Property shall be as follows:

   i. $1,090,000.00 for the Association's units ((i) CU-1, $250,000; (ii) CU-2, $250,000; (iii) CU-3, $250,000; (iv) CU-4, $250,000; and (iv) Association unit 505, $90,000) (the "Association's Units").
   ii. $90,000.00 for each residential unit which executes the KFI Offer and closes on the sale. At least 50 residential units (the "*Minimum Participation Requirement*") must execute the KFI Offer within 25 days of the Commencement Date (defined therein) and close, otherwise KFI may terminate the KFI Offer.
   iii. $4,100,000.00 or less paid to the Schecher Group, Inc. D/B/A SG Shared Components (the "*Schecher Claim Amount*") at Closing, in full and final satisfaction of its claims asserted against all units subject to the sale under this KFI Offer, including any and all claims asserted in Case No. 16-26187-RAM, in the United States Bankruptcy Court, Southern District of Florida, Miami Division.

b. <u>Deposit</u>. KFI will deposit a $30,000 (Thirty Thousand Dollars) (the "*Initial Deposit*"), which amount shall be non-refundable in favor of the Association, towards the purchase of the Association's Units within three (3) business days of the United States Bankruptcy Court, Southern District of Florida, Miami Division (Case No. 16-26187-RAM) (the "*Bankruptcy Court*") approving the KFI Offer; the Deposit to be held by the law firm of Messana, P.A.

   On the thirtieth (30th) day following the Commencement Date, KFI shall deposit (i) an additional $200,000.00 (Two Hundred Thousand Dollars) with Coastal Title of Ft. Lauderdale, Florida unless otherwise agreed, in writing, by KFI and Seller (the "Escrow Agent") with proof given to Seller's attorneys and the title company (the "*Refundable Deposit*"); and (ii) an additional $70,000.00 (Seventy Thousand Dollars) which shall be non-refundable and allocated to the Association's Units to be held by the law firm of Messana, P.A. (the "*Second Non-Refundable Deposit*").

c. <u>Additional Conditions.</u>

   i. Sellers shall have paid, or shall have entered into an agreement to pay from its portion of the Purchase Price, the <u>allowed</u> claim of Florida Building Supply, Inc. (the "FBS Claim") at the Closing. Seller shall agree to pay the FBS Claim direct from escrow at Closing or shall have otherwise paid the FBS Claim prior to Closing (Section 8 (a) of the Contract, the "FBS Condition").
   ii. The Association commenced the Adversary Proceeding. The Bankruptcy Court shall have entered an Order or otherwise confirmed that the aggregate claims asserted by the Schecher Group, Inc. D/B/A SG Shared Components ("*Schecher Group*") against the units subject to the Contract are equal to or less than the Schecher Claim Amount and that payment of

       the Schecher Claim Amount to Schecher Group at Closing would satisfy in full any and all claims and liens of Schecher Group against such units through Closing and that upon making the payment of the Schecher Claim Amount to Schecher Group at Closing such units would be transferred to KFI from the Sellers free and clear of any and all claims and liens of Schecher Group. If the Bankruptcy court determines that the Schecher Claim Amount exceeds $4,100,000, Buyer may terminate this agreement within 15 days of such court determination and receive a full refund of its Refundable Deposit (the "Schecher Claim Condition").

    d. <u>Delivery for Closing</u>.

        i. Warranty Deed in a form satisfactory to KFI conveying title to the Condominium Property to KFI (the "Warranty Deed Condition").

    e. <u>Representations and Warranties of Sellers.</u>

        i. As of the Closing Date, Sellers shall have good, marketable, indefeasible title to the Condominium Property (including personal property), free and clear of all liens, claims and encumbrances (the "Title Condition").

13. In order to expedite the Closing (and resolve the Adversary Proceeding), the Debtor filed its October 31, 2017, *Motion Requesting Renewed Order Setting Trial Date and Deadlines* (AP ECF #98) seeking a trial date of January 26, 2018.

14. Schecher objected. *See* AP ECF #104 at ¶37 ("Schecher Group respectfully requests that the Court grant the Motion for Abstention and deny the Motion for Renewed Order Setting Trial, or alternatively, reserve ruling on these motions, leaving the Abatement Order undisturbed, until such time as the Debtor demonstrates that a closing on a Contract will, in fact, be consummated").

15. Again, to expedite the Closing (and resolve the Adversary Proceeding), the Debtor filed its December 5, 2017, *Corrected Renewed Motion Requesting Order Setting Trial Date and Deadlines* (AP ECF #108) seeking a trial date of February 13, 2018.

16. Again, Schecher objected. *See* AP ECF #109 (proposing a trial date of May 17, 2018).

17. On December 1, 2017, this Court entered its Final Sale Order approving the Contract.

18. The Final Sale Order contains, among others, the following provisions:

   a. "6. Pursuant to Section 363(f) of the Bankruptcy Code, and upon confirmation of a Chapter 11 Plan of Reorganization of the Debtor, the sale of the Real Property pursuant to the Sale Motion and this Order shall be free and clear of any and all liens, claims and encumbrances with such uncontested claims and liens to be paid in connection with closing of the sale." (The "363(f) Holding").

   b. "7. Effective as of the closing in conjunction with a confirmed Chapter 11 Plan of Reorganization of the Debtor, the sale of the Real Property by the Debtor to the Buyer shall constitute a legal, valid and effective transfer of the Real Property, notwithstanding any requirement or approval or consent by any person or entity, except for the approval of such sale under the Declaration, and shall vest the Buyer with all right, title and interest in and to the Real Property, free and clear of any and all liens, claims and encumbrances The Buyer shall not be liable or obligated for any liabilities or obligations relating to the Real Property incurred prior to the petition date. (The "Confirmation Requirement").

   c. "16. Any portion of the Sale Motion, KFI Contract, and any related agreements may be waived, modified, amended or supplemented by written agreement of the Debtor and Buyer, to the extent the agreement of such party is necessary, without further action of the Court; and provided that any such waiver, modification, amendment or supplement is not materially adverse to the Debtor or any of its creditors and substantially conforms to and effectuates this Order." (The "Modification Authority").

19. On December 20, 2017, this Court entered its *Scheduling Order Setting Trial and Pretrial Deadlines and Order Denying Motion to Compel Mediation* which set, among other things, trial in the Adversary Proceeding to begin on April 18, 2018. AP ECF #124.

20. Since the entry of the Final Sale Order, KFI timely delivered all deposits required under the Contract including the Initial Deposit and Second Non-Refundable Deposit.

21. Additionally, while the price of the residential units has not changed, residential unit owner sellers have agreed to allocate a portion of their proceeds under the Contract to pay the Schecher claims against their units. The proceeds to the Debtor—the only assets available for the creditors in this proceeding—remain unchanged at the highest and best value.

22. The Debtor, KFI and residential owners are poised and advancing towards Closing under the Contract.

23. However, on February 20 and 21, 2018, approximately 31 foreclosure judgments were entered against residential units in the Condominium in favor of Schecher (the "Foreclosure Judgments"). These Foreclosure Judgments were entered without the opportunity for residential unit owners to provide any defenses to the amount claimed by Schecher.

24. On February 23, 2018, Schecher filed its Motion to Stay the Adversary Proceeding arguing, among other things, that the Adversary Proceeding should not proceed unless the bulk sale is closed on or before the April 5, 2018 foreclosure sale date.

25. In response and consistent with the Modification Authority of the Final Sale Order, KFI has agreed to waive the:

   a. FBS Condition;
   b. Schecher Claim Condition;
   c. Warranty Deed Condition; and
   d. Title Condition.

(together, the "Waived Conditions")[4] in order to facilitate a Closing on or before April 5, 2018.

---

[4] *See* Declaration of Todd Mikles attached hereto as Exhibit "A".

## II. REQUESTED RELIEF

### A. *The Debtor Respectfully Requests that this Court Approve KFI's Waiver of the Waived Conditions.*

26. With this Court's approval, KFI has agreed to close on the Contract on or before April 5, 2018 and waive the Waived Conditions.

27. Such waiver will permit the Closing on the sale on or before April 5, 2018 and provide the highest and best price to Debtor for its assets.

28. The Modification Authority of the Final Sale Order specifically permits the parties to modify the Contract "provided that any such waiver, modification, amendment or supplement is not materially adverse to the Debtor or any of its creditors and substantially conforms to and effectuates this Order." Final Sale Order at ¶ 16.

29. Debtor submits that KFI's waiver of the Waived Conditions effectuates the Final Sale Order and is not materially adverse to any of Debtor's creditors.

30. First, waiver of the Waived Conditions in Closing on the Contract on or before April 5, 2018 is highly favorable for the Debtor and its creditors. At Closing, Debtor anticipates receiving in excess of $1 Million dollars in exchange for its real property.

31. Second, KFI's waiver of the Waived Conditions entails, among other things, that (i) sellers do not have to "agree to pay the FBS Claim direct from escrow at Closing or shall have otherwise paid the FBS Claim prior to Closing"; (ii) that the Schecher Claim Amount is not capped at $4.1 Million; (iii) that sellers do not have to deliver a "Warranty Deed"; and (iv) sellers do not have to sell their properties free all liens, claims and encumbrances.

32. In fact, by waiving the Waived Conditions, KFI will close on the Contract by quit claim deed and acquire the residential units subject to all claims liens and encumbrances (except the Debtor's units).[5]

33. Accordingly, none of the creditors who have claims against any of the units, including Schecher, are unduly prejudiced.

34. Rather, all said creditors (who also have claims against the Debtor) are greatly benefited because the sale of the Debtor units at the Contract price creates considerable value for the Debtor, its creditors and all constituencies.

B. *<u>The Debtor Respectfully Requests That This Court Waive the Confirmation Requirement.</u>*

35. Paragraph 7 of the Final Sale Order contemplates that the Closing would be in connection with a confirmed plan after resolution of the Adversary Proceeding.

36. Given KFI's willingness to close prior to the resolution of the Adversary Proceeding, Debtor respectfully requests that the Court permit the Closing to occur prior to and separate from confirmation of a plan.

37. The KFI Sale Motion sought, among other things, approval of the Contract and the sale of its property to KFI free and clear of claims, liens, and encumbrances. While it was contemplated that the sale would be closed in connection with a confirmed chapter 11 plan, the plan confirmation process has been delayed.

38. The confirmation process ought not be an obstacle to the Debtor selling its property as soon as possible.

---

[5] The Debtor's units are being sold free and clear of all claims liens and encumbrances with such claims, liens and encumbrances to attach to the proceeds pursuant to the 363(f) Holding of the Final Sale Order.

39. Such a sale will likely pave a way to confirmation.

40. This Court has already made findings that key elements of the Contract satisfy all conditions for an approved sale. With waiver of the Waived Conditions, the Contract is even more favorable for the Debtor.

41. Accordingly, the Debtor respectfully requests that this Court authorize the Debtor to close on the Contract as soon as possible and find that the waiver of the Waived Conditions by KFI effectuates the Final Sale Order and is not materially adverse to any of Debtor's creditors.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) Granting this Modification Motion; (ii) approve KFI's waiver of the Waived Conditions; (iv) find that the waiver of the Waived Conditions effectuates the Final Sale Order and is not materially adverse to any of Debtor's creditors; (v) authorizing the Debtor to take any and all action necessary to consummate the sale of the Association's Units pursuant to the Contract as soon as possible and in advance of (and separate from) confirmation of a plan of reorganization; (vi) hold that unless specifically modified by further Court order, the Final Sale Order shall remain in full force and effect and (ix) granting such other and further relief as is just.

Respectfully submitted this 5th day of March, 2018.

> MESSANA, PA
> *Counsel for the Debtor*
> 401 East Las Olas Boulevard, Suite 1400
> Fort Lauderdale, FL 33301
> Telephone: (954) 712-7400
> Facsimile: (954) 712-7401
> Email: blieberman@messana-law.com
>
> /s/ Brett D. Lieberman
> Thomas M. Messana
> Florida Bar No. 991422
> Brett D. Lieberman
> Florida Bar No. 69583

Exhibit "A"

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:

Sixty Sixty Condominium Association, Inc.     Case No. 16-26187-RAM

Debtor-in-Possession.                          Chapter 11
_____/

## AFFIDAVIT OF TODD MIKLES IN SUPPORT OF:
## *EMERGENCY* DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING MODIFICATION TO SALE CONTRACT

I, Todd Mikles, being duly sworn, declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and otherwise qualified to make this Declaration.

2. I am an authorized agent of Kingfisher Island, Inc., authorized to make this Declaration in support of the ***Emergency* Debtor's Motion For Entry Of An Order Authorizing Modification To Sale Contract**. (the "Modification Motion").

3. In connection with the Contract,[6] KFI has agreed to waive:

    a. FBS Condition;
    b. Schecher Claim Condition;
    c. Warranty Deed Condition; and
    d. Title Condition.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on March 5, 2018.**

                                               Kingfisher Island, Inc.

                                               By: _____

                                               Todd Mikles, Its Managing Member

---

[6] All capitalized terms shall have the meaning ascribed to them in the Modification Motion.

11